## Morrow et al. v. Brashears et ux.

(Decided June 16, 1936.)

M. C. BEGLEY for appellants.

R. B. ROBERTS for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal involves the right of the care, custody, and control of an infant. It and its mother resided in Leslie county, Ky. Bland Morrow obtained the care, custody, and control of it under an order of the Leslie county juvenile court, entered at its May term, 1934, under the authority conferred on the county court by section 331e-9, Kentucky Statutes.

This section directs the disposition and care of an infant "dependent or neglected," within the meaning of the act of which it is a part. It provides:

"The court may cause such child to be placed in a suitable home, subject to the friendly visitation and supervision of a probation officer; * * * or the court may commit such child to the care of some association, society or corporation willing to receive it," during its minority as the court may deem fit.

Section 2071 authorizes the adoption of such child as an heir at law by any person over twenty-one years of age desiring to do so, "making him capable of inheriting as heir-at-law of such petitioner; and said court shall have authority to make an order declaring such person heir-at-law of such petitioner, and as such, capable of inheriting as though such person were the child of such petitioner." If the petitioner be a married man or woman, this section imperatively requires them to join in the petition.

Section 2072 provides:

"Said court, upon petition filed, shall have the authority, by consent of the parents, or either of them, if one be dead, or by consent of the mother if the infant be illegitimate, or by consent of any institution in this state carrying on welfare work for neglected, dependent or delinquent children, if the person to be adopted be an infant that has previously been committed to said institution by order of a juvenile or county court made one year or more prior to the filing of the petition for adoption, to give the petitioner the parental control of such adopted person, if an infant; and said petitioner, when the adoption is effected, shall be under the same rights and responsibilities as if the person so adopted were his own child."

W. F. Brashears and Abbie Brashears, husband and wife, filed in the Leslie circuit court a petition authorized by this section, giving the name of the infant, its age, and that it was illegitimate; the name of its mother and that she and the infant resided in Leslie county, Ky. The petitioners thereby informed the court they were desirous of adopting the infant as their child "to the end that he [W. F. Brashears] may be given the parental control, care, and custody of the said child and make her an heir-at-law and capable of inheriting an interest in his estate," and that the mother of the infant had consented in writing for his adoption of the infant. The written consent of the mother was made an exhibit to, and a part of, their petition.

Bland Morrow and the Frontier Nursing Service, by an intervening petition, became parties to the proceeding. They set out the order of the juvenile court committing the care, custody, and control of the infant to Bland Morrow. They averred that the Frontier Nursing Service was a corporation, "engaged in Kentucky, and elsewhere, in welfare work for dependent, neglected and delinquent children," that Bland Morrow was a social service director of the Frontier Nursing Service, and that the order of the Leslie county juvenile court entered at its May term, 1934, had committed the care, custody, and control of the infant to Bland Morrow, which she had accepted for the Frontier Nursing Service, and it had the charge, custody, and control of the infant and had paid its expenses since the entry of the order of the juvenile court.

At the time their intervening petition was filed, Abbie Brashears had not joined in the petition of W. F. Brashears, which she later did, by signing it.

It was the view of the circuit court that sections 331e-9, 2071, and 2072 were operative and perfectly consistent, and, when construed together, the order of the juvenile court did not deprive the circuit court of its jurisdiction conferred upon it by section 2072, and that the order of the juvenile court committing the care, custody, and control of the infant to Bland Morrow was not susceptible of the construction that thereby the care, custody, and control of the infant vested in the Frontier Nursing Service, though Bland Morrow, at the time she accepted the care, custody, and control of the child, was its social service director, and acting as such. In this construction of the statutes we concur.

Morrow and the Frontier Nursing Service insist that the Brashears' petition and the written consent of the mother do not fulfill the requirements of section 2072. They also argue that the Frontier Nursing Service was an institution carrying on welfare work for dependent, neglected, and delinquent children, and that Bland Morrow, its social service director, when accepting the juvenile court order committing the care of the infant to her, was acting for and on behalf of it, and the order of the juvenile court should be construed as a compliance with the statutes authorizing juvenile courts to confer the care, custody, and control of an infant to its jurisdiction, and that an adoption thereafter in a proceeding under section 2072, is unauthorized without the consent of the Frontier Nursing Service.

As we view the order of the juvenile court, it must be read as written and construed according to its own terms. When so construed, it is not susceptible of the construction that the Frontier Nursing Service acquired thereunder any right to either the care, custody, or control of the infant, or any interest in its adoption, and that its and Morrow's petition states no facts sufficient to constitute a defense to the Brashears' adoption of the infant with the consent of its mother.

The written consent of the mother contains this language:

"I am the mother * * * and I now agree and con-

sent that she be adopted to W. F. Brashears and Abbie Brashears. * * * ''

The Frontier Nursing Service and Bland Morrow argue that this language is insufficient to, and does not, confer upon the Brashears the privilege to assume under the orders of the circuit court the care, custody, and control of the infant; nor upon the circuit court jurisdiction to confer upon them the care, custody, and control of the infant within the purview of section 2072.

The mother in the writing giving her consent used the word "adopted." That meaning must be given it which is found in the language of section 2072, for it was for the purpose of this section that the Brashears filed their petition and the mother signed the writing evidencing her consent cannot be given that narrow meaning insisted for by Morrow and the Frontier Nursing Service.

The judgment of the circuit court being in harmony with our views, it is affirmed.