## WEBB et al. v. BARNETT et ux.

### No. 6320.

Court of Civil Appeals of Texas. Texarkana.

Dec. 19, 1947.

Rehearing Denied Jan. 8, 1948.

wife, remained in the care of and in the home of her maternal grandparents at Houston, Texas, from the child's birth until May 31, 1946.

A habeas corpus proceeding, filed by W. L. Webb as next friend for Walter M. Cox, the father of the child (the father at the time being under 21 years of age) in which W. L. Webb in his representative capacity and Walter M. Cox joined issue with Ben W. Barnett and wife, resulted in a decree entered in the Harris County District Court on February 8, 1946. Under this decree, Walter M. Cox, the father, was awarded the custody of Mildred Dianne Cox, "but with the understanding that Ben W. Barnett and his wife be given the privilege of visiting the child each and every week-end during the year at the home of Mr. and Mrs. W. L. Webb, 304 West End Boulevard, Marshall, Texas."

It was further decreed that this child was to visit in the home of her grandparents, Mr. and Mrs. Ben W. Barnett in Houston, the last week in July, the first two weeks in August and on December 27, 28, 29 and 30 of each year; that Walter M. Cox should provide for the expenses of the delivery of said child to Mr. and Mrs. Barnett and for the child's return to Marshall, and that he shall promptly see to it that said child be delivered to the maternal grandparents on above dates. The decree further provided that the child should remain in the home of the maternal grandparents for certain medical treatment until May 31, 1946, when "said child be given into custody of her father who should provide for her shelter and welfare at the home of Mr. and Mrs. W. L. Webb in Marshall, Texas.

While above decree so entered in the habeas corpus proceeding was in full force and effect, the district court of Harrison County, Texas, on December 12, 1946, entered a decree which granted the application of Mr. and Mrs. W. L. Webb for leave to adopt Mildred Dianne Cox. Thereafter, upon the hearing of the petition of Ben W. Barnett and wife, above adoption decree was by same court at a subsequent term on May 23, 1947, set aside and held for naught. The Webbs and Walter M. Cox appeal from this last decree. In support of the

Jones, Jones & Brian, of Marshall, for appellants.

Paul W. Anderson, of Marshall, for appellees.

WILLIAMS, Justice.

Mildred Dianne Cox, born August 8, 1945, the daughter of Mable Barnett Cox, who died September 11, 1945, and the granddaughter of Ben W. Barnett and

decree which set aside the adoption, the trial court after restating the custody and visitation provisions in the habeas corpus proceeding found that (1) Ben W. Barnett and wife had not been given any notice of the action to adopt this child in Harrison County; (2) that they had not consented to the adoption; and(3) that they "were interested parties in the adoption proceedings." The court further found that the best interests and welfare of the child would be served by setting aside the adoption decree.

The father, the only living parent, gave his written acknowledged consent for the Webbs to adopt the child. Compliance with the provisions of Secs. 1, 2, 3, and 4, of Article 46a of Vernon's Ann.Civ.St. of Texas, in the adoption proceedings is not questioned under the pleadings or in this appeal. The attack upon the validity of the adoption decree was directed solely to the alleged non-compliance of Sec. 6 of Art. 46a, when applied to the custody provisions theretofore entered in the habeas corpus decree. Section 6, supra, reads:

"Except as otherwise amended in this Section, no adoption shall be permitted except with the written consent of the living parents of a child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, and such parent or parents so abandoning and deserting such child shall not have contributed to the support of such child during such period of two (2) years, then in such event it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence, or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of such child's residence. In the case of a child fourteen (14) years of age or over, the consent of such child also shall be required and must be given in writing in the presence of the Court. Consent shall not be required of parents whose parental rights have been terminated by order of the Juvenile Court or other Court of competent jurisdiction; provided, however, that in such cases adoption shall be permitted only on consent of the superintendent of a home or school, or of the individual to whom the care, custody, or guardianship of such child has been transferred by a Juvenile Court or other Court of competent jurisdiction. * * *"

We are not in accord with appellees' claim that by reason of the partial custody and visitation provisions awarded to them in the habeas corpus action that appellees' consent to adoption of the child by the Webbs was a necessary requisite to the validity of the adoption decree here involved. It is to be observed that Sec. 6 which requires the consent of the superintendent of the home or school, or of the individual to whom the care, custody or guardianship of such child has been transferred by a juvenile court or other court of competent jurisdiction does not become operative until or unless the parental rights of the natural parents have theretofore been terminated. The habeas corpus decree merely restored the physical possession of the child to the father by its provision which "awarded custody" of the child to him. The issue of custody and not that of the termination of parental rights as provided for in Title 43 of the R.C.S. of Texas, 1925, as amended by the Acts of the 47th Legislature, p. 355, is involved in the provisions of the habeas corpus decree. Parental rights is inclusive of custody but the award of temporary custody or a partial custody for a limited purpose to the Barnetts is not tantamount to the divesture of the parental rights of the parents. Such partial or temporary custody so awarded to a third person, as here, does not connote domination or supremacy of authority in the care, education and welfare of the child. If it be assumed that parental rights can be terminated in a habeas corpus action, the decree under consideration did not terminate his parental rights over his child and invest such rights into some third person. Hence under this record the absence of a written consent from the Barnetts for the adoption of this child by the Webbs did not invalidate the adoption decree. Denton v. James, 107 Kan. 729, 193 P. 307, 12 A.L.R., 1146.

Respect and the desire for future friendly and cordial relations between two families deeply interested in the welfare of a little "tot" who had wrapped her tiny fingers around the heartstrings of all these grandparents may have, from a moral standpoint, called for a notice to the Barnetts of the contemplated adoption proceedings, but Article 46a, supra, makes no provision for such notice. This court is conscious of the situation which confronted the trial court wherein he realized that the maternal grandparents had not been given a chance to be heard in the adoption proceedings. We are in sympathy with his desire to require the father to comply with the provisions of the habeas corpus decree. But the courts would not be authorized to invade the province of the legislature by adding statutory requirements to the adoption statute and hold that by reason of a temporary and partial custody being placed in a third person by a court of competent jurisdiction, that notice should be given to that third person of a proposed adoption or that consent for adoption shall first be obtained from such third person. Austin v. Collins, Tex.Civ.App., 200 S.W.2d 666, 668.

Neither the pleadings nor the evidence of appellees will support the further findings of the court that the best interest and welfare of the minor would be served by setting aside the adoption decree. Sec. 7 of Article 46a, supra, reads: "Nothing in this Act shall prevent a Court of Competent Jurisdiction from taking away from such adoptive parents the custody of the adopted child and awarding the same to its natural parents, or either of them or to any other person, upon proof of the bad moral character of such adoptive parent, or upon proof of abuse, neglect or ill treatment of such adopted child by the adoptive parent."

No attack was made under the pleadings or by evidence that the Webbs were of bad moral character or had abused, neglected or ill-treated this child. The investigator's report required under Sec. 2 of Article 46a, which was introduced in evidence, discloses that the Webbs were financially, temperamentally and morally qualified to rear, educate and care for the child. We feel that the maternal grandparents were equally qualified to rear, educate and care for the child by reason of the decree entered in the habeas corpus decree, there being no evidence introduced in the instant trial as to their qualifications. See Rayon v. Landry, Tex.Civ.App., 289 S.W. 745; Urrutia v. Urrutia, Tex.Civ.App., 142 S.W.2d 267.

The judgment of the trial court is reversed and the validity of the adoption decree rendered is sustained.

Reversed and rendered.

HALL, C. J., not sitting.