**In re the Adoption of Bennie Lee ALLS, a Minor Boy.**

Nos. 6472, 6510.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 28, 1955.

Rehearing Denied March 28, 1955.

Finney & Neal, Amarillo, for appellant.

Archer & Hazlewood, Amarillo, for appellee.

MARTIN, Justice.

Appellee, Eralee Jeanette Alls, filed her petition in the 47th Judicial District Court of Potter County, Texas, seeking to adopt Bennie Lee Alls, a minor white boy of the age of eight years. Her husband, J. L. Alls, the natural father of said minor child, duly filed his consent for petitioner to adopt his minor son. The petition contains all the material elements for adoption as required by Art. 46a, Vernon's Texas Civil Statutes. Appellants are the maternal grandparents of the child and had been awarded custody of the child for nine months of each year following the death of the child's mother. The statutory provisions as to adoption being complied with, the trial court entered a judgment granting such adoption. Cause No. 6510 in this court is an appeal from this judgment. A plea of privilege filed by appellants was overruled prior to the entry of judgment in Cause No. 6510. Appellants also perfected an appeal as to the judgment overruling their plea of privilege which appeal is Cause No. 6472 in this court. On application of all parties, Cause No. 6510 and Cause No. 6472 were consolidated on appeal and will be disposed of herein.

Appellants seek a reversal of both judgments on the theory that venue must be changed under their plea of privilege and that such action will likewise require a reversal of the judgment granting adoption of the child by appellee. Appellants' first two points of error assert that the trial court improperly overruled their plea of privilege in that the appellees failed to plead and prove an exception to appellants' right to a change of venue. On this issue, they contend that the adoption suit was in fact merely a custody action and venue should have been changed to Stonewall County under appellants' plea of privilege. Appellant's third point is that the judgment of adoption must likewise be reversed and remanded upon a ruling being made in this court changing venue of the adoption cause to Stonewall County, the residence of appellants.

On the issue of venue, which issue controls the disposition of both appeals, Exception 30, Art. 1995, Vernon's Texas Civil Statutes, provides: "Special venue. —Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given." In Smith v. Curtis, Tex.Civ.App., 223 S.W.

2d 712, 714 [1, 2], the court ruled: "We are of the opinion that the trial court acquired jurisdiction of the cause by the filing of the petition and by the consent of the child's mother." This rule is applicable here as the record reveals that at the time of the filing of appellee's petition for adoption, she and her husband, J. L. Alls, were residents of Potter County, Texas. At such time, Bennie Lee Alls, was likewise residing with his father and appellee in Potter County, Texas. J. L. Alls, as the natural father of said minor child, filed his consent in writing in due form for his wife, appellee herein, to adopt his minor son. The petition meets the requirements of Art. 46a, Vernon's Texas Civil Statutes, fixing jurisdiction of the adoption proceedings. Smith v. Curtis, supra; Mosier v. Meek, Tex.Civ.App., 235 S.W.2d 686; Cook v. Gregg, Tex.Civ.App., 226 S.W.2d 146 (Writ refused); DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687 (2d case).

In further clarification of the issue, it is observed that since the petition for adoption fulfilled the requirements of Vernon's Texas Civil Statutes, Art. 46a, as to jurisdiction, it is not within the province of this court to add to the requirements of the statute. Webb v. Barnett, Tex.Civ.App., 207 S.W.2d 706, Syl. 5 (Writ refused). Further, "An order of the juvenile court vesting the care, custody, and control of the child in an individual does not deprive another court of the jurisdiction of adoption proceedings conferred on it by statute." 2 C.J.S., Adoption of Children § 35 (Pocket Part), Morrow v. Brashears, 265 Ky. 203, 96 S.W.2d 434. Appellants' points of error are overruled.

An affidavit has been presented on appeal to the effect that the child as adopted has been carried outside the territorial limits of the United States and such affidavit requests that appellants' appeal be dismissed by reason of this fact. It must be recognized that the dismissal of appellants' appeal could do no more than effect the same result as that hereinabove set forth, to-wit: establishing finality of the trial court's judgment of adoption insofar as the action of this court is concerned. The child being absent from the state, a dismissal of the appeal would not have the effect of bringing him within the jurisdiction of the courts. An additional issue might arise by reason of the absence of the child from the jurisdiction of the court at the time of his adoption, but this matter is not presented for determination here. In the absence of any point of error or presentation of the issue, it can only be presumed that the judgment of the trial court was properly rendered upon the issues before it.

The record further discloses as to the facts leading up to the appeals here in issue that the father and mother of the child were divorced and his custody was originally awarded to the mother. Upon the death of the mother of the child, the district court in Stonewall County denied the father custody of the child and awarded his custody to the maternal grandparents for nine months of the year and to the paternal grandparents for the three months of summer. Later, in a friendly suit filed in Potter County by the father of the child as against his parents, the child's paternal grandparents, the custody of said child was transferred to the father for the three months of summer. The maternal grandparents, who held custody of the child for nine months of each year, were not parties to this suit. Following judgment in this friendly suit, appellee herein filed in Potter County the adoption proceeding now in issue and cited the maternal grandparents residing in Stonewall County. The proceedings surrounding the suits as to both custody and adoption of this child are too involved to be discussed here as they develop no issue on appeal. But, it is readily apparent that had the father of the child and the appellee herein filed their petition seeking custody of this boy in Stonewall County, where both the maternal and the paternal grandparents resided and where venue properly lay as to custody, and had joined therein both the maternal and paternal grandparents, the present complicated status of the child could have been avoided. The issue as to custody of the child could have been determined in one suit in Stone-

wall County where venue properly lay as to custody. It naturally follows that, had appellee and the father of the child obtained the custody of the child by due proceedings in Stonewall County, there should have been no legal ramifications in the subsequent proceedings in Potter County as to adoption of the child. The above facts are disclosed by the record and are discussed here by the parties but cannot affect the results of the present appeal. This court can only pass on issues duly presented in the appeal of the present cause of action.

The judgment of the trial court overruling the plea of privilege and the judgment of the trial court entering its judgment of adoption are affirmed.