Bennie Carl **LINDLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–81–474–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 11, 1982.

Larry E. Thomas, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This is an appeal from a conviction by a jury for forgery by passing a check, Section 32.21(a)(1)(C) and (b), Tex.Penal Code Ann. (Vernon 1974). At the punishment phase of trial, the jury found appellant had been convicted twice previously of felony offenses and assessed the mandatory penalty of life imprisonment. On this appeal, appellant raises four grounds of error. We find no error in the trial below and affirm.

Appellant initially contends the indictment is fundamentally defective for its failure to allege a necessary element of the offense of forgery. Appellant claims the indictment is in error because it fails to allege he forged the check with the intent to defraud or harm another person. The indictment does not state the name of the particular person defrauded or use the word "another." Appellant argues the State legislature specifically included the word "another" in Section 32.21(b), and that every word of a statute must be presumed to have been used for a particular purpose. Therefore, we are urged to reverse.

The case law in this state does not support appellant's argument. Even though the indictment in the case at bar omitted the word "another" or the name of the particular defrauded person, such allegation was unnecessary. The indictment includes a copy of the check showing that both the maker and payee are different persons from the appellant. Therefore, it is not necessary the indictment aver the forged instrument purports to defraud or harm another. *Jiminez v. State*, 552 S.W.2d 469 (Tex.Cr.App.1977). See also: *Teamer v. State*, 557 S.W.2d 110, 111 (Tex.Cr.App. 1977), where the court held an allegation of a particular person in an indictment for forgery was unnecessary. This ground is overruled.

Appellant also raises three grounds of error concerning the trial court's written reply to the jury's request for additional instructions as to the charge. During the punishment phase of trial, the foreman of the jury sent a note to the judge seeking a clarification in the wording of the charge. Appellant claims the court submitted a short reply in writing without first allowing him or his counsel the opportunity to inspect and raise objections in accordance with Article 36.27, Tex.Code Crim.Pro.Ann. (Vernon 1966). Since Article 36.27 requires that before any communication relative to the cause can be delivered to the jury it must first be submitted to the defendant and read in open court unless expressly waived, appellant argues the court committed reversible error. We disagree. This case does not present a situation where Article 36.27 was abused by the court, so there was no such error.

The indictment in this case alleged three prior felony convictions for enhancement purposes, two of which were included in the charge to the jury at the punishment phase of trial. The charge required the jury to find appellant had been convicted of two prior forgery offenses in 1972 and 1974. Section 12.42(d) of the Tex.Penal Code Ann. provides before a jury can assess punishment of life imprisonment for a habitual felony offender, it must (1), find the defendant has been twice previously convicted of felonies, and (2), that the latter felony conviction was for an offense committed after the former conviction had become final. The court's charge in this case, however, provides:

Now if you find from the evidence beyond a reasonable doubt that prior to the commission of the offense of forgery of which you have found the defendant guilty, he was two times duly and legally convicted of a felony less than capital, as follows:

(a) Unlawfully passing as true a forged instrument in writing in the 184th District Court of Harris County, Texas on April 18, 1972 in Cause No. 173,207; and

(b) Unlawfully passing as true a forged instrument in writing in the 180th District Court of Harris County, Texas on April 4, 1974 in Cause No. 208,792; and that such last named conviction (for unlawfully passing as true a forged instrument in writing in Cause No. 208,792), if any, occurred and the judgment thereon became final *prior to* the commission of the offense for which the said defendant was convicted, if he was, in Cause No. 173,207 in the 184th District Court of Harris County, Texas. . . .

The jury discovered an error in the charge and through the foreman requested a clarification. The court responded to the jury in writing as follows:

In answer to your question, you are right. The charge should read as follows:

(b) Unlawfully passing as true a forged instrument in writing in the 180th District Court of Harris County, Texas on April 4, 1974 in Cause No.

208,792; and that such last named *conviction* (for unlawfully passing as true a forged instrument in writing in Cause No. 208,792), if any, occurred after the judgment in Cause No. 173,-207 in the 184th District Court of Harris County, Texas became final; and that . . . (emphasis supplied)

■ Appellant asserts the giving of additional instructions to a jury by a trial court without compliance with Article 36.27 constitutes reversible error. The record, however, fails to support appellant's contention the reply was not first submitted to his counsel prior to going to the jury. The statement of facts contains the court reporter's notation that a note was sent from the jury to the judge. Immediately following that notation is found an objection to the reply and a motion for a mistrial by appellant's trial counsel. While the record is not clear as to the extent of appellant's counsel's familiarity with the contents of the note or the reply, the record reveals counsel knew of the note and reply and had opportunity to object. In the absence of a showing to the contrary in the record, it must be presumed on the basis of the information in the statement of facts the trial court complied with the provisions of the Code of Criminal Procedure. *McClellan v. State*, 118 Tex.Cr.R. 473, 40 S.W.2d 87 (1931).

■ Before closing, this court desires to make it clear it does not read the trial court's reply to the jury as error free. The jury's note requested a clarification as to whether the charge should use the word "after" instead of the phrase "prior to" as originally submitted. The trial judge made a typographical correction, and this change is the basis of appellant's ground of error. The "correction" by the court, however, created a new error not raised by appellant. A close reading of the court's reply reveals an incorrect word was used that could represent a material error in the charge. The court's reply allowed the jury to find appellant was an habitual offender if his second *conviction* occurred subsequent to his first conviction having become final. Section

12.42(d), however, provides the second *offense* must occur subsequent to the defendant's first conviction becoming final for it to be used for enhancement purposes. The court's reply, therefore, was an expansion on the statute. The corrected charge would have allowed for a situation where appellant's second felony was committed prior to his first felony conviction, but with a conviction on the second coming after the first was finalized. Normally, such an error would constitute reversible error when accompanied with an objection. Appellant's counsel, however, objected as follows:

> MR. SCARDINO: If I may address the Court regarding the jury's note to the Court concerning the Court's charge and requesting an explanation thereof, if the record would reflect the wall clock in the courtroom reflects that it is 12:28 and that the jury has been deliberating for approximately an hour when they had sent the note out asking for the explanation of the Court's charge. We object to the Court sending the note, that we ask it to be made a part of the record, explaining the Court's charge and move that the Court grant a mistrial in that the charge to the jury is fatally defective and confusing and that the jury has deliberated for an hour on the defective charge and for that reason we are requesting the Court to grant our motion for a mistrial.

Counsel's objection in no way brought this error to the attention of the court. The objection does not even mention the typographical error, let alone this more important error. In addition, the undisputed evidence is clear appellant's second offense occurred subsequent to the finalization of his first conviction. State's exhibits 10 and 11 show the second felony offense (for which appellant was convicted by a judgment on April 4, 1974) occurred on December 8, 1973, more than one and one-half years after the first felony conviction became final on April 18, 1972. This undisputed evidence, taken with the lack of an objection adequate to bring the error to the attention of the court, makes this error not reversible. *Nichols v. State*, 500 S.W.2d 158 (Tex.Cr.App.1973).

We therefore find no reversible error in the actions of the trial court. If any error existed, it was certainly harmless. Grounds of error two, three and four are overruled.

Judgment affirmed.