Clifton Eugene FAIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–84–00028–CR.

Court of Appeals of Texas,
El Paso.

March 20, 1985.

Rehearing Denied April 17, 1985.

Martin Underwood, Comstock, Joseph A. Connors, III, McAllen, for appellant.

Phil J. Pollan, Dist. Atty., Fort Stockton, Douglas M. Becker, Gray, Allison & Becker, Austin, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

This is an appeal from a conviction for aggravated rape in which the jury found two enhancement counts to be true. Punishment was assessed at life imprisonment. We reform and affirm.

Grounds of Error Nos. Six and Seven challenge the sufficiency of the evidence to prove Appellant's identity as the defendant in the prior conviction alleged in the third count of the indictment and demonstrated by the penitentiary packet introduced as State's Exhibit No. Three. Since the admissibility and contents of this exhibit have a bearing on the first five numbered grounds of error, we will initially address grounds six and seven.

As evidence of prior convictions for felony false imprisonment and rape, the State introduced two penitentiary packets, respectively marked as State's Exhibits Two and Three. State's Exhibit No. Two contains a certification page, certified copy of judgment and sentence, an identification page with fingerprints, physical description and commitment summary, and frontal and profile photographs of the inmate, with and without glasses. Rose Marie Hill, Reeves County Sheriff's Office, was qualified as a fingerprint expert. Based upon comparison of the penitentiary packet fingerprints with a known set taken from the Appellant, she concluded that he was in fact the former inmate to whom State's Exhibit No. Two referred. No appellate challenge is raised to the admissibility or sufficiency of this exhibit.

State's Exhibit No. Three contains a certification page, certified copies of judgments, orders and sentences reflecting an initial probated sentence ultimately revoked, and profile and frontal photographs

of the inmate. The packet does not contain fingerprints or a verbal physical description.

Appellant objected to State's Exhibit No. Three on the basis of the absence of fingerprint identification in the packet. On appeal, he relies upon a somewhat similar situation in *Littles v. State*, —— S.W.2d —— (Tex.Crim.App. # 301–83, Sept. 19, 1984), (State's Motion for Rehearing granted Jan. 30, 1985). In *Littles*, one penitentiary packet with fingerprints was properly admitted. Due to a discrepancy in the denomination of the offense for which the inmate was incarcerated, the fingerprint page of the second packet was withdrawn from tender by the prosecution. The Court of Criminal Appeals phrased the appellate issue:

> All that remained of the exhibit was the certified copies of the judgment and sentence, the photographs (front and side views) and the certification page. Was this enough to prove the second prior conviction as alleged?

With three judges dissenting, the en banc court proceeded to conclude that it was not. Based upon long established rulings, the certified copies of the judgment and sentence were not enough, even if the name were the same as that of the defendant on trial. *Elizalde v. State*, 507 S.W.2d 749, 752 (Tex.Crim.App.1974). The photographs were considered insufficient because they were not reinforced by corroborative physical and biographical description. *Gollin v. State*, 554 S.W.2d 683 (Tex.Crim.App.1977).

The court did not address the third source of information noted above—the certification page. We can only conclude that in *Littles* that source was devoid of evidentiary significance or was not urged by the State as a basis for the necessary connection to the defendant. We know from the case before us that separate incarcerations at TDC may result in different inmate numbers being assigned to the same individual. Conceivably, in *Littles*, the two penitentiary packets reflected two different inmate numbers with no cross-reference within either packet. In such a

case, there would be no linkage between the defective packet and the defendant either directly or indirectly through a chain of proof from defective packet to sufficient packet to defendant. Such is not the case here. Appellant was properly identified as the subject of State's Exhibit No. Two, Clifton Eugene Fain, TDC # 268149. The identification page in that packet reflects that he was returned to the Department of Corrections as a parole violator based upon his new conviction in Galveston County and that he was to continue the remainder of his sentence as 240024. The number 240024 was the assigned TDC inmate number for the Clifton Eugene Fain who was the subject of State's Exhibit No. Three. Was this cross-reference from the good packet to the defective packet sufficient to distinguish the *Littles* decision? We conclude that it was. A similar result based upon name and cross-reference of inmate number was reached by Judge Odom in *Stearn v. State*, 571 S.W.2d 177, 178 (Tex. Crim.App.1978). The present record provides greater proof of identity than *Littles* in other respects. Without cross-referenced inmate numbers, the second packet in *Littles* had to be linked directly to Appellant, and the photographs were held insufficient to accomplish that. Here, due to the cross-reference, the connective evidence forms a triangular link. State's Exhibit No. Two is bound to the Appellant by fingerprints and photographs. State's Exhibit No. Three is bound to Two by inmate number and photographs. The photographs in both packets are dated and were taken one year apart. Their similarity is apparent in the record. A dual connection is therefore forged to the third apex, the Appellant in person. We further note that these two penitentiary packets, prepared by TDC at the request of the prosecuting attorney, were certified by the TDC records custodian on the same day, April 26, 1983. Thus, only the difference of one staple precludes the two exhibits from being in fact one packet. *Stearn* at 178. The cross-reference by inmate number, endorsed by *Stearn*, enables State's Exhibit No. Three to be supported by Exhibit No.

Two with its fingerprint page. In *Daniel v. State*, 585 S.W.2d 688, 691 (Tex.Crim. App.1979), the Court of Criminal Appeals stated:

A search of our cases reveals that fingerprints which have been used to provide independent identification of a person convicted have invariably been *a part of the record of conviction*, obtained from the *same* government entity.

In this case, the same entity, TDC, took custody of Appellant on two separate occasions a year apart. His fingerprints became a part of his record there, as did two sets of photographs in 1976 and 1977. That same entity assigned him separate identification numbers on each occasion, but upon the second acquisition, referenced the first number and the continuation of his sentence under that number. In response to local request, that same entity prepared an evidentiary package with regard to that individual consisting of one packet for each conviction and a set of fingerprints attached to one but clearly relating to both. The reliability factor expressed in *Daniel* has been satisfied, and the defect encountered in *Littles* overcome. Grounds of Error Nos. Six and Seven are overruled.

 Grounds of Error Nos. One and Four address an issue in the court's charge on punishment. Although the first ground is phrased in terms of sufficiency of the evidence, the same issue is at the core of both complaints. The indictment alleged that Appellant had been twice previously convicted of felonies—once in 1972 for rape and once in 1977 for felony false imprisonment. In the application paragraph of the punishment charge, the court in part instructed the jury to find true to the enhancement allegations if they found beyond a reasonable doubt that Appellant had been convicted of:

(b) Rape in the Criminal District Court Number 72–201–C of the 54th Judicial District Court of McLennan County, Texas, on the 26th day of September, 1972, styled, "The State of Texas versus Clifton Eugene Fain"; and that such last named conviction of Rape, if any, occurred and the judgment thereon became final prior to the commission of the offense for which the said defendant was convicted, if he was, in Cause Number 72–201–C in the 54th Judicial District Court of McLennan County, Texas. . . .

In the drafting or typing of the charge, an obvious mechanical error occurred in regard to the last named conviction referred to in the quoted portion. The 1972 conviction was again referred to rather than the 1977 conviction. Consequently, reading the application paragraph alone, to find true the jury would have to have found that the 1972 conviction became final prior to the commission of the offense upon which it was based. This did not comport with the indictment, the evidence or common sense.

A similar situation occurred in *Lindley v. State*, 629 S.W.2d 844, 846–847 (Tex.App.— Houston [14th Dist.] 1982, no pet.). Contrary to pleading and proof, the court instructed the jury to find true if they found that a 1974 conviction was final prior to the commission of a 1972 offense. In that case, the jury was kind enough to the trial and appellate judges to send out a note asking if the charge should not read in the reverse. Our present jury was not so gracious, but the error is no less obvious and susceptible to lay, common sense correction. In *Lindley*, the court submitted a correction which again produced error. Its supplemental instruction permitted a verdict of true upon a finding that the 1974 "conviction," not the commission of the offense, occurred after the 1972 one was final. This second error was not preserved for review and the Fourteenth Court of Appeals examined the evidence and found that the proper sequence of conviction was not disputed at trial. The court concluded that due to the absence of an objection and the absence of any contest on this issue the error was not reversible. In the recent decision in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim.App.1985), a majority of the Court of Criminal Appeals agreed on a reanalysis of the review of fundamental error in the court's charge. Where a charge error is not

objected to in the trial court, the automatic reversal approach indicated in *Cumbie v. State*, 578 S.W.2d 732 (Tex.Crim.App.1979) has been overruled. Upon finding an error such as that presented in this case, the appellate court must review the entire record to determine actual, not theoretical, harm to the defendant. Applying *Almanza* to the present record, we find no reversible error. While Appellant has presented several grounds of error addressing the pleading, proof and charge with regard to proper sequence of conviction, none address the sequence issue raised by this charging error. Rather they address the effect of the initial grant of probation in the 1972 conviction, which was ultimately revoked in 1974. As discussed below, those grounds of error are without merit themselves. In any event, they are unrelated to the error presently presented. In light of the actual issues at trial, as embodied in the evidence and arguments of counsel, we find that these two grounds of error present no actual, egregious harm, leading to a denial of a fair and impartial trial. Grounds of Error Nos. One and Four are overruled.

In Grounds of Error Nos. Two, Three and Five, Appellant presents several complaints which turn upon the finality of the first 1972 conviction. That offense was committed on July 22, 1972. Appellant pled guilty on September 26, 1972, and was placed on probation for five years on November 16. On May 13, 1974, probation was revoked and a five-year sentence imposed (State's Exhibit No. Three). The subsequent offense alleged in the indictment was committed on October 15, 1976.

Ground of Error No. Two asserts that there was no evidence that Appellant was convicted on September 26, 1972, as alleged in the indictment, since that was simply the date upon which he pled guilty. Ground of Error No. Three contends that the indictment alleges commission of the 1977 offense subsequent to the finality of the 1972 conviction, which did not occur until revocation in May, 1974, not September, 1972. Ground of Error No. Five contends that the indictment allegation of the time of the 1972 conviction was vague and indefinite.

 With regard to the latter contention, there was no objection to the indictment on grounds of inadequate notice and no showing of any harm or prejudice to the Appellant in the preparation of his defense. Complaint of a notice defect in a charging instrument will not be heard for the first time on appeal. *Schneider v. State*, 594 S.W.2d 415, 418 (Tex.Crim.App.1980); *Coleman v. State*, 577 S.W.2d 486 (Tex.Crim. App.1979). Ground of Error No. Five is overruled.

 In examining the indictment, we note that the previous prosecutions were referred to simply as convictions, and the sequence of events was described by reference to the dates of conviction not "final" conviction. This has been held to be a sufficient allegation of finality. *Watson v. State*, 605 S.W.2d 877, 883 (Tex.Crim.App. 1980); *Williams v. State*, 596 S.W.2d 862 (Tex.Crim.App.1980). The charge to the jury expressly required finality as a basis for a verdict of true.

With regard to the specific complaint raised on appeal, there is no error in alleging the date upon which the conviction was had by entry of plea and adjudication of guilt, as long as any resulting probation of sentence is shown by the evidence to have been revoked and the conviction finalized prior to the commission of the subsequent enhancing offense. *Loud v. State*, 499 S.W.2d 295, 297 (Tex.Crim.App.1973). The evidence in this case clearly establishes that the probation in the first rape case had been revoked and that the conviction had become final two years before the commission of the next offense leading to conviction. Grounds of Error Nos. Two and Three are overruled.

Ground of Error No. Eight is predicated upon the sustaining of those grounds of error challenging the enhancement verdict and asserts a right to the judicial imposition of a minimum five-year sentence. Having failed to invalidate the enhance-

ment result, this ground of error is without merit and is overruled.

In Ground of Error No. Nine, Appellant contends that the evidence was insufficient to establish venue in Pecos County. Venue need only be established by a preponderance of the evidence. Tex.Code Crim.Pro.Ann. art. 13.17 (Vernon 1977). The venue for a sexual assault rests in the county where the offense was consummated or in any county to which or through which the victim is carried in the course of an abduction associated with the assault. In this case, we need not speculate as to the time at which the culpable intent arose and hence the time at which the complainant became a "victim." A preponderance of the evidence established that the site of the offense was in Pecos County. Witnesses testified that the distance from Fort Stockton to Alpine was approximately sixty-four miles along Highway 67. The county line is approximately halfway along that route. The complainant's vehicle stalled at a roadside park variously estimated at fifteen to twenty-seven miles or fifteen minutes from Fort Stockton and some thirty to forty miles from Alpine. Appellant picked up the complainant and made two trips to Fort Stockton, first to purchase then to return a repair part for her car. On the way back toward the stalled vehicle and Alpine, Appellant turned off Highway 67 and committed the rape. This was on the Fort Stockton side of the complainant's vehicle and hence clearly within Pecos County. Furthermore, the Pecos County Sheriff's Office contacted Barbee Wrecker Service of Fort Stockton to recover the complainant's vehicle. Fred Prano, an employee of Barbee, testified that he retrieved the vehicle for his company because it was located in their county. This further established the location of the vehicle and consequently the rape site in Pecos County. Ground of Error No. Nine is overruled.

In Ground of Error No. Ten, Appellant requests reformation of the sentence to reflect conviction for rape, not aggravated rape. Appellant was indicted for aggravated rape. The charge to the jury, however, only presented abstract definitions and an application of the law to the facts with regard to rape. The jury was not instructed with regard to the aggravating element of the threat of imminent infliction of death or serious bodily injury. The jury verdict recites guilt of "rape as charged in the indictment," as does the judgment. Paragraph two of the punishment charge reflects that the jury had convicted Appellant of "Rape" without reference to the indictment. The court's punishment charge further instructed the jury that in the event they found the enhancement allegations untrue they were to assess punishment within the second-degree felony range. The sentence reflects conviction for aggravated rape. The State seeks to rely upon the "as charged in the indictment" language to forestall reformation. *Jason v. State*, 589 S.W.2d 447, 451 (Tex. Crim.App.1979), cited by the State, does not support that position. In *Jason*, regardless of shorthand titles for the offense committed, the charge to the jury did include the aggravating elements of the indicted offense. In this case, the jury was never called upon to consider that element. In effect, through inadvertence of the trial court and the prosecution, the Appellant was unjustly enriched by the submission of only a lesser included offense. The sentence must be reformed to reflect conviction for rape. This result, nonetheless, necessitates nothing more than a reformation of judgment and sentence to reflect a habitualized conviction for second-degree felony rape. Both the offense and the trial occurred prior to the September 1, 1983, effective date of the latest amendment to Tex.Penal Code Ann. sec. 12.42 (Vernon Supp.1985). Consequently, the result of the jury's findings as to the enhancement counts would be the same whether the primary offense were rape or aggravated rape. Ground of Error No. Ten is sustained.

In Ground of Error No. Eleven, Appellant complains that the State exposed his marital status to the jury venire during voir dire. The contention is without merit.

A member of the venire voiced this information in an unsolicited response to the prosecutor's inquiry into possible acquaintances of Appellant himself. *Wilhoit v. State*, 638 S.W.d 489, 492 (Tex.Crim.App. 1982). Furthermore, the information elicited did not disclose his marital status at the time of the alleged offense. *Id.* Finally, Appellant raised no objection and made further open inquiry regarding possible acquaintances of his wife. *Hanner v. State*, 572 S.W.2d 702 (Tex.Crim.App.1978). Ground of Error No. Eleven is overruled.

The judgment and sentence are reformed to reflect conviction for rape, deleting all references to either aggravated rape or rape as charged in the indictment. As reformed, the judgment is affirmed.