**Clifton Eugene FAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 610–85.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 17, 1986.

Martin Underwood, Comstock, Joseph A. Connors, III (on appeal only), McAllen, for appellant.

Phil Pollan, Dist. Atty., Fort Stockton, Douglas M. Becker and Ray Goldstein, Sp. Prosecutors, Austin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

The jury returned a verdict of guilty of rape, and found the enhancement allegations true. As mandated by the statute in effect at the time of appellant's trial, the trial court assessed life imprisonment. The Eighth Court of Appeals (El Paso) af-

firmed. *Fain v. State,* 688 S.W.2d 235 (1985). The Court of Appeals found that appellant's claim that the evidence was insufficient to prove an element of the enhancement allegations was actually a claim of error in the jury charge, and held that, under *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1984) (opinion on State's motion for rehearing), there was no actual, egregious harm, leading to a denial of a fair and impartial trial. We granted appellant's petition for discretionary review to examine this holding.

The enhancement allegations of the indictment read as follows:

"And the grand jurors aforesaid do further present that before the commission of the aforesaid offense in the First Paragraph by the said Clifton Eugene Fain, to-wit: on the 27th day of April A.D., 1977 in the 10th Judicial District Court of Galveston County, Texas in Cause Number 34,111, the said Clifton Eugene Fain was convicted of the felony offense of False Imprisonment.

"And the grand jurors aforesaid do further present that before the commission of each of the aforesaid offenses in the First and Second Paragraphs by the said Clifton Eugene Fain, to-wit: on the 26th day of September A.D., 1972 in the 54th District Court of McLennan County, Texas in Cause Number 72–201–C, the said Clifton Eugene Fain was convicted of the felony offense of Rape. Against the peace and dignity of the State."

In applying the law to the facts, the trial court instructed the jury to find the enhancement allegations true if the jury found beyond a reasonable doubt that appellant had been convicted of:

"(a) the felony o-fense [sic] of False Imprisonment in the Criminal District Court 34,111 of the 10th Judicial District Court of Galveston County, Texas, on the 27th day of April, 1977, styled, 'The State of Texas versus Clifton Eugene Fain'; and

"(b) Rape in the Criminal District Court Number 72–201–C of the 54th Judicial District Court of McLennan County, Texas, on the 26th day of September, 1972,

styled, 'The State of Texas versus Clifton Eugene Fain'; *and that such last named conviction of Rape, if any, occurred and the judgment thereon became final prior to the commission of the offense for which the said defendant was convicted, if he was, in Cause Number 72–201–C in the 54th Judicial District Court of McLennan County, Texas,* and that said convictions, if any, in said Cause Number 72–201–C for Rape and in Cause Number 34,111 for False Imprisonment, as aforesaid, occurred, and that the judgments therein became final prior to the commission of the offense of Rape, for which you have found the defendant guilty; ...." [our emphasis.]

Paragraph (b) requires the jury to find that appellant's conviction for rape in McLennan County became final before he committed the offense. Relying on *Benson v. State,* 661 S.W.2d 708 (Tex.Cr.App. 1982) and *Ortega v. State,* 668 S.W.2d 701 (Tex.Cr.App.1983), appellant claimed in the Court of Appeals that the evidence was insufficient to support the jury's finding of true, because the trial court's instruction required a finding of true to be predicated on a logical impossibility. The Court of Appeals treated appellant's insufficiency claim as a claim of jury charge error. Because appellant did not object to the error at trial, the Court of Appeals analyzed the case according to the requirements of *Almanza v. State,* supra, and found that the error in the charge did not require reversal.

■ Appellant claims in his first ground for review that the Court of Appeals erred in treating his claim of insufficient evidence as a claim of jury charge error. Appellant does not claim that the trial court's instruction requiring the jury to find that appellant's McLennan County rape conviction became final before he committed the offense constitutes a correct instruction.

In *Benson v. State,* supra, we stated: "We hold that when a charge is correct for the theory of the case presented we review the sufficiency of the evidence in a light most favorable to the verdict by

comparing the evidence to the indictment *as incorporated into the charge."* [emphasis in original.]

In *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the Supreme Court made clear that its "rational trier of fact" standard for review of evidentiary sufficiency assumes that the trier of fact has been properly instructed:

"After [In re] *Winship* [397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)] the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must not be simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilty beyond a reasonable doubt."

In the instant case, no one maintains that the trial court's instruction was "correct for the theory of the case presented." Instead, in setting out his insufficient evidence claim for the Court of Appeals, appellant showed that the trial court's instruction was manifestly incorrect. Appellant's claim as presented did not constitute a valid claim of insufficient evidence. The Court of Appeals did not err in addressing instead the predicate claim of jury charge error. Appellant's first ground for review is overruled.

■ In his fourth ground of error in the Court of Appeals, appellant contended that this same error in the charge required reversal. Appellant did not object to this error in the charge at trial. The Court of Appeals employed the applicable *Almanza* standard and concluded as follows:

"In light of the actual issues at trial, as embodied in the evidence and arguments of counsel, we find that these two grounds of error present no actual, egregious harm, leading to a denial of a fair and impartial trial."

The record reflects that at the beginning of the punishment phase the prosecutor read the enhancement allegations of the indictment to the jury. Thereupon the State introduced evidence of appellant's two prior convictions. Appellant offered no evidence at punishment. The prosecu-

tor argued that the evidence showed appellant to be the individual who had been twice before convicted, as alleged in the indictment.

Appellant set out the thesis of his argument as follows:

"... this is not an ordinary type of punishment phase in a criminal case. You get to decide something that a lot of jurors never get to decide and that's whether he has been actually convicted of two other prior offenses.

"Now, when you are asked the question, 'Is this the same man that has been convicted of two prior offenses?' you have got to ask yourselves, 'Were those convictions?'"

Appellant then argued that, because one of the judgments of conviction did not bear the signature of a judge, it was not a valid conviction. No issue was raised at trial concerning the sequence of the enhancement convictions or whether the second occurred after the first became final.

The undisputed evidence showed that appellant committed the second offense after the first had become final. The jury could not have both believed the evidence of the prior convictions and their commission and, at the same time, have found that the second offense was not committed after the first became final.

We find that the Court of Appeals was correct in holding that appellant suffered no harm leading to a denial of a fair and impartial trial.

The judgment of the Court of Appeals is affirmed.

MILLER, J., concurs in the result.

CLINTON, Judge, concurring and dissenting.

In *Benson v. State*, 661 S.W.2d 708, at 715 (Tex.Cr.App.1982) (Opinion on State's second motion for rehearing), we held:

"that when a charge is correct for the theory of the case presented[1] we review the sufficiency of the evidence in a light most favorable to the verdict by comparing the evidence to the indictment as incorporated into the charge[2]."

Today the Court seizes upon the first underscored language above as a means of discounting appellant's claim of insufficient evidence to establish his status as an "habitual" offender. Although I joined the opinion of the Court in *Benson*, now I must confess, I am not certain what is meant by the language now relied upon.

The offense in *Benson* was burglary "with the intent to commit the felony offense of retaliation." The jury was required to find that that retaliation intended was "for or on account of the service of another as a witness." The "theory of the case" the State apparently thought it had "presented" was, indeed, that the complainant was a "witness," under V.T.C.A. Penal Code, Sec. 36.06(a). However, in hindsight, this Court determined on original submission that complainant was no more than a "prosective witness," and therefore the State failed in its proof of the specific intent required for a burglary conviction.

It could thus be argued that for a charge to be "correct for the theory of the case presented" it must reflect what manifestly the State believed, however erroneously, was the theory of the offense it had proven, presumably as gleaned from its presentation of the evidence at trial. Undercutting this argument, however, is the analogy drawn at the very end of the opinion in *Benson*. There it was asserted that when a burglary indictment alleged the specific intent "to commit theft," and the State proved "an unlawful appropriation from the owner," while the charge only authorized conviction on a theory of theft by receiving stolen property, "a reviewing court would be bound to find the evidence insufficient as a matter of law."[3] *Id.*, at 716. Manifestly, under this hypothetical,

---

1. Emphasis supplied. All other emphasis supplied unless otherwise indicated.

2. Emphasis in the original.

3. Note, however, that after *McClain v. State*, 687 S.W.2d 350 (Tex.Cr.App.1985), theft by "initial taking" is no longer considered a separate theory from theft by "receipt knowing the property was stolen."

the "theory of the case presented" by the evidence would be theft by taking, rather than by receiving stolen property. Nevertheless, in spite of its earlier pronouncement, the Court concluded the evidence would be measured against the charge.

Since *Benson* was decided we have continued to measure sufficiency of the evidence according to the law as given to the jury in the court's charge, without inquiring whether that charge "was correct for the theory of the case presented." E.g., *Ortega v. State*, 668 S.W.2d 701 (Tex.Cr. App.1983); *Williams v. State*, 696 S.W.2d 896 (Tex.Cr.App.1985); and *Boozer v. State*, 717 S.W.2d 608 (Tex.Cr.App.1984), in the latter of which we only recently denied leave to file motion for rehearing. In *Boozer*, at 610–11, we simply observed:

"Because a verdict of 'guilty' necessarily means the jury found evidence of that on which it was authorized to convict, the sufficiency of the evidence is measured by the charge *that was given*.[4] It follows that if evidence does not conform to the instruction given, it is insufficient as a matter of law to support the only verdict of 'guilty' which was authorized. [footnote omitted] *Benson v. State*, [supra]."

Whatever it means to say that the charge must be "correct for the theory of the case presented," the Court appears to have since abandoned that particular prerequisite to measuring sufficiency of the evidence according to the charge.

Nevertheless, I believe this case is distinguishable from *Benson, Ortega,* and *Boozer,* all supra. Before mandatory life sentence could be imposed, under V.T.C.A. Penal Code, Sec. 12.42(d), prior to amendment in 1983, a factfinding was required that the accused had two previous felony convictions, and that "the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final[.]" Thus, an element of proof necessary to punishment of an accused as an "habitual" offender was

proper chronological sequence of commission of and conviction for the previous felony offenses. The indictment in this cause clearly alleged a proper sequence of prior offenses. Just as clearly, the jury charge failed to require such a finding as a prerequisite to punishment of appellant as an "habitual." For this reason the charge did *not* "perforce comprehend the indictment allegations." *Benson v. State*, supra, at 712 (Opinion on State's first motion for rehearing). In fact, in failing to require proper sequence of offenses, the charge authorized punishment as an "habitual" on a theory not only not available under the indictment, but also not viable under the law. The only verdict of true which the jury was authorized to find was premised upon a finding of facts which do not fully establish "habitual status" under Sec. 12.-42(d), supra. It would be anomalous to measure the sufficiency of evidence against an authorization that reduces the State's burden of proof from that which is minimally required under the law, rather than increases it, as in *Boozer, Williams* and *Ortega.*

For this reason I concur in the Court's judgment that appellant has not brought a valid claim of insufficient evidence. Having said that, I must dissent to the majority's conclusion that fundamental error did not inhere in this same jury charge.

It bears repeating that "obviously there are some errors so egregious that [a review for egregious *harm* under the standard laid down in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984)] will not save them." *Lawrence v. State*, 700 S.W.2d 208, 218 (Tex.Cr.App.1985) (Clinton, J., dissenting). Cf. *Clark v. State*, 717 S.W.2d 910, 921 (Tex.Cr.App.1986) (Clinton, J., joining judgment of the Court) ("Just as there are 'some errors so egregious that such [an *Almanza*] review will not save them,' ... also there are some flagrant errors so patently *not* calculated to injure the rights of an accused that much of an *Almanza* review becomes redundant.") In the instant case, that the evidence was adequate and

---

4. Here, as we did in our opinion on the State's first rehearing in *Benson*, at 712, we cited V.A.C. C.P., Articles 1.15; 36.13; 38.04; 36.14; 38.03; 37.07, Sec. 2(a), Sec. 1(a) and (b); 37.01; 37.12; 42.01, Sec. 1(4)–(8); 1.04; and 40.03(9). (Emphasis in the original.)

uncontested to prove proper sequence of the prior convictions for purposes of establishing "habitual" status, does not remedy the fact that no factfinding to that effect was ever made before appellant was sentenced to life inprisonment. "A trial that was fundamentally unfair at the time it took place, because the jury was not compelled to perform its constitutionally required role, cannot be rendered fundamentally fair in retrospect by what amounts to nothing more than an appellate review of sufficiency of the evidence." *Rose v. Clark*, —— U.S. ——, 106 S.Ct. 3101, 3113, 92 L.Ed.2d 460 (1986) (Blackmun, J., dissenting).

Finding fundamental error in the court's charge on punishment, and because the jury was the factfinder at both phases of trial, I would reverse the judgment of the court of appeals and remand the cause for a new trial. Because the majority does not, I respectfully dissent.

TEAGUE, Judge, dissenting.

Notwithstanding my critical, but sound views that have been directed several times towards this Court's decision of *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984) (Opinion on State's motion for rehearing), which decision I again beseech my Brethern on this Court to quickly, decisively, and expressly overrule before too much grass grows under it, but because the majority opinion, as it is presently written, is so ambiguous on what the issues in this cause might be that it has truly obfuscated whatever the real issues there are that might be before the Court, I am compelled to respectfully dissent.

At the time of the trial of Clarence Eugene Fain, hereinafter referred to as the appellant, V.T.C.A., Penal Code, Section 12.42(d) provided: "If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

Invoking this provision of the law, the State alleged in one paragraph of the indictment that prior to the commission of the primary offense, the appellant "on the 27th day of April A.D., 1977 in the 10th Judicial District Court of Galveston County, Texas in Cause Number 34,111, ... was convicted of the felony offense of False Imprisonment," and alleged in another, but immediately subsequent, paragraph of the indictment, that the appellant "on the 26th day of September A.D., 1972 in the 54th Judicial District Court of Mc Lennan County, Texas in Cause Number 72–201–C, ... was convicted of the felony offense of Rape."

After the jury found the appellant guilty of the primary offense, the trial court instructed the jury, inter alia, in the terms of the enhancement paragraphs that were alleged in the indictment. The jury was specifically instructed as follows:

Now, if you find from the evidence beyond a reasonable doubt that prior to the commission of the [primary offense], of which you have found the defendant guilty, he was two times duly and legally convicted of a felony less than capital as follows:

(a) the felony offense of False Imprisonment in the Criminal District Court Number 34,111 of the 10th Judicial District Court of Galveston County, Texas, on the 27th day of April, 1977, styled, "The State of Texas versus Clifton Eugene Fain"; and (b) Rape in the Criminal District Court Number 72–201–C of the 54th Judicial District Court of Mc Lennan County, Texas, on the 26th day of September, 1972, styled, "The State of Texas versus Clifton Eugene Fain"; and that such last named conviction of Rape, if any, occurred and the judgment thereon became final prior to the commission of the offense *for which the said defendant was convicted, if he was, in Cause Number 72–201–C in the 54th Judicial District Court of Mc Lennan County, Texas,* and that the said convictions, if any, in said Cause Number 72–201–C for for Rape and in Cause

Number 34,111 for False Imprisonment, as aforesaid, occurred, and that the judgments therein became final prior to the commission of the offense of Rape, for which you have found the defendant guilty; and that the defendant, Clifton Eugene Fain, is the same person who was so convicted in Cause Number 34,111 and Cause Number 72–201–C, aforesaid, then and in such event, you will find the allegations are "True" and so state your verdict in the form provided for that purpose attached to this charge. (My emphasis.)

The jury was further instructed that "Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will find that the allegations are 'Not True,' and you will restrict your consideration to the matter of punishment for the offense of Rape, of which you have found defendant guilty ..."

Notwithstanding the above instructions, the jury disobeyed the instructions, in particular the above underscored portion, and found as follows: "We, the jury, having found the defendant guilty of Rape, as charged in the indictment, further find from the evidence beyond a reasonable doubt that he was, prior to the commission of the aforesaid offense of Rape, two times duly and legally convicted of a felony less than capital, as charged in the indictment in this case, and, therefore, that the allegations with respect to said prior convictions, as alleged in the indictment, are 'True.' "

The appellant correctly asserted on appeal that the jury's finding of "True" was predicated on a legal impossibility. The El Paso Court of Appeals, in a rather convoluted and disjointed opinion, treated the error as "charge error", and held that under *Almanza v. State*, supra, there was "no actual, egregious harm," and affirmed.

Today, the majority opinion follows suit, ignores the obvious, and erroneously holds, at least implicitly, that there is no conflict between what was alleged in the indictment, the jury instructions, and the jury's finding, and affirms the judgment of the court of appeals.

Although the trial judge had the legal responsibility in this cause to see that a correct and proper charge was given the jury in this cause, see Art. 36.14, V.A.C. C.P., he did not perform his legal duty. Had he taken the time to read the above instructions to the jury, which he himself presumably prepared, see *Doyle v. State*, 631 S.W.2d 732, 736 (Tex.Cr.App.1982) (On State's motion for rehearing), it is obvious to me that he would have easily observed what the court of appeals characterized as "obvious mechanical error."

It is also obvious to me that the El Paso Court of Appeals, and now this Court, goes at great lengths to erroneously invoke the "wink wink" theory of law, which this Court refused to approve in *Burkhalter v. State*, 493 S.W.2d 214 (Tex.Cr.App.1973), in order to affirm the trial court's judgment of conviction.

What the court of appeals did, and what this Court now does, is probably best understood in their obvious frustration over the fact that under this Court's many decisions, see *Littles v. State*, 726 S.W.2d 26, 28 (Tex.Cr.App. 1984) (Pending on State's motion for rehearing), the State proved exactly what it had alleged in the indictment, but because of the way in which the jury was charged, the verdict of the jury is erroneous. And yet, notwithstanding the erroneous finding by the jury, this Court affirms the judgment of conviction. In a sense, the error in the jury verdict was not caused by an "irrational jury," cf. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), but, instead, was caused by a "run-away" jury that chose to ignore the trial judge's instructions.

In *Wilson v. State*, 671 S.W.2d 524, 526 (Tex.Cr.App.1984), Judge W.C. Davis, in writing the opinion for this Court, correctly pointed out the following: "Sufficiency [of the evidence] is reviewed *by comparing the evidence to the indictment as incorporated into the charge.*" (My emphasis.) To put it another way: The sufficiency of the evidence is reviewed in light of the charge to the jury. *Benson v. State*, 661

S.W.2d 708 (Tex.Cr.App.1982). Also see *Stephens v. State*, 717 S.W.2d 338 (Tex.Cr. App.1986). In *Franklin v. State*, 693 S.W.2d 420, 432 (Tex.Cr.App.1985), Judge Miller of this Court, in writing that opinion for the Court, pointed out that in *Benson*, supra, this Court held that "[I]f the evidence did not conform to the instructions as given, then the proof was insufficient to support the only verdict of 'guilty' that was authorized by the charge. We held [in *Benson*, supra] that there was insufficient evidence to support the allegations as set forth in the charge, and entered an order of acquittal." In summary, the State was required to prove up the priors as alleged *in the jury charge. Benson*, supra. However, because of the way that the jury was instructed, the jury could not find what was alleged in the charge. The State, however, did not complain of the charge to the jury in the trial court, which, unquestionably, was favorable to the appellant. Thus, the State waived any question regarding "trial error" on appeal by not objecting to the charge in the trial court. *Ortega v. State*, 668 S.W.2d 701 (Tex.Cr.App.1983) (Opinion on original submission); *Boozer v. State*, 717 S.W.2d 608 (Tex.Cr.App.1984); *Stephens v. State*, supra.

The major problem with the majority opinion lies in its holding that the jury could not have believed the evidence of the prior convictions and their commission and, at the same time, have found that the second offense was not committed after the first became final. This is true, but the issue is not what we now know is a reality; the issue, instead, is whether, given the presumption that the jury followed the trial court's instructions, *O'Pry v. State*, 642 S.W.2d 748, 765 (Tex.Cr.App.1982), it could have returned the verdict that it did. This is not jury charge error; it is more than that. To sweep the issue under "Almanza the Terrible's" black cape, as the majority opinion does, is, in reality, doing an injustice to that terrible opinion by this Court because *Almanza v. State*, supra, is not even applicable to the issue before this Court.

Here, the jury was told that before it could find the enhancement allegations "True", it had to find that the alleged prior felony conviction for the offense of rape became final prior to the commission of the same offense; a true legal impossibility. The jury was also instructed that if it did not so find it should assess the appellant's punishment for the offense of rape. The State did not complain of this impossible legal burden that the charge placed upon it. In short, had the jury followed its instructions, it could not have rationally found the enhancement allegations "True." When viewed in conjunction with the jury instruction, the verdict of the jury simply cannot be legally legitimatized.

To repeat, if the jury had assiduously followed its instructions, the only punishment verdict it could have returned, under the instructions from the trial judge, was to assess the appellant's punishment at not less than 2 years nor more than 20 years and a fine not to exceed $10,000. E.g., *Stephens v. State*, supra.

The jury's verdict is erroneous and must be set aside. Because the jury assessed the punishment, which verdict cannot stand, the appellant is unquestionably entitled to a new trial on both guilt as well as punishment. See, for example, *Ex parte Benavidez*, 696 S.W.2d 582 (Tex.Cr.App. 1985); *Ex parte Augusta*, 639 S.W.2d 481 (Tex.Cr.App.1982); *Hickman v. State*, 548 S.W.2d 736 (Tex.Cr.App.1977). Is the appellant entitled to more than a new trial? Given the facts and circumstances of this cause, I would hold, in light of what this Court has stated in *Carter v. State*, 676 S.W.2d 353 (Tex.Cr.App.1984); *Ex parte Gonzales*, 707 S.W.2d 570 (Tex.Cr.App. 1986); *Ex parte Bullard*, 679 S.W.2d 12 (Tex.Cr.App.1984), that the State is prohibited from again attempting to enhance his punishment to that provided for an habitual offender, i.e., the State has had its one fair bite to have the appellant declared an habitual offender. I would, however, also hold that the State may reprosecute the appellant for the primary offense and may assess his punishment *only* as provided for that offense.

For the above and foregoing reasons, I respectfully dissent to the majority opinion

failing to grant the appellant the relief he is entitled to receive under the law.