GUADALUPE GONZALEZ V. THE STATE.

No. 22547. Delivered June 9, 1943.

The opinion states the case.

*Bismark Pope,* of Laredo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is aggravated assault and battery. The punishment assessed is confinement in the county jail for a period of four months.

Appellant's first contention is that the court erred in submitting to the jury, over his timely objection, the issue of an aggravated assault, because the evidence was insufficient to justify the submission of such issue.

The State's evidence, briefly stated, shows that on the night of February 17, 1943, appellant and Jose Garza Lopez met in front of the Gallo Cafe; that appellant inquired of Lopez if he was the person who had hit his (appellant's) brother, that Lopez replied, "It was not me, it was my brother," whereupon appellant drew an open knife from his pocket and advanced toward Lopez, who then struck appellant with his fist. They continued to fight until they fell to the ground with Lopez on top of appellant. During the encounter appellant stabbed Lopez twice in the back and cut him on the thigh. A policeman appeared on the scene, separated the parties and took the pocket knife from appellant. He then took both combatants to the city jail, from where Lopez was taken to a hospital for medical attention.

Dr. Powell, the attending physician, testified that he found three wounds on the person of Lopez, two of which were stab wounds in the back and one a cut on the left thigh. The stab wounds were approximately two inches deep, one of which was over the lower part of the heart and the other below it; that as a result of the wounds he remained at the hospital two and one-half days; that he was kept at the hospital to see if complications would develop or any infection would set up; that when it did not he was permitted to leave; that in any kind of a penetrating wound there is always danger of infection. In this

instance the wounds did not extend into the cavity and did not turn out to be dangerous. In reply to the question as to whether the wounds were so serious that they might cause an apprehension of death, the doctor testified:

"But from what I know now they were not wounds that would probably cause death. Also from what I know now, I would say they were not wounds that would cause apprehension of loss of limb. * * * But the wounds were serious enough to require medical attention."

Appellant appeared before the grand jury and made a voluntary confession to the foreman after he had been duly warned as provided by statute. In this confession he admitted inflicting the wounds on Lopez after Lopez had struck him with his fist, but he denied that he had any intention of killing him.

The circumstances relied upon to show that the assault was aggravated were that serious bodily injuries had been inflicted upon the person assaulted. By the term "serious bodily injury" is meant such an injury as gives rise to an apprehension of danger to life, health or limb. We are of the opinion that the evidence, when considered as a whole, fails to show such an injury. Under the decisions of this court in passing upon similar questions, it seems that appellant's contention is well founded. See Halsell v. State, 29 Tex. App. 22; Wilson v. State, 34 Tex. Cr. R. 65, 29 S. W. 41; Branch's Ann. Tex. P. C., sec. 1583, and authorities there collated. The case of Wilson v. State, supra, is somewhat similar to the one under consideration. In that case the injured party was laid up for four or five days with three cuts in the back and was attended by a physician. In the present case, the injured party sustained two stab wounds in the back and a cut on the thigh. He was retained at the hospital for two and one-half days, not solely because of the seriousness of the wounds but to determine whether or not complications would arise and infections set up. At the expiration of the time mentioned he was permitted to leave the hospital. He went to his home and stayed in bed for about two days, when he went out to a barber shop and got a shave, but did not go to work for some two or three weeks thereafter. It is our opinion that under the authorities above cited and the definitions as to what it takes to constitute serious bodily injury, we do not believe the facts justify the appellant's conviction for aggravated assault.

Therefore, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.