GEORGE STRUNK, SR. v. STATE.

No. 25,806. April 9, 1952.

Hon. John A. Hancher, Judge Presiding.

E. W. Newman, Heidingsfelder, Knight & Daniel, all of Houston, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault; the punishment, a fine of $50.00.

The assault is alleged to have become aggravated by virtue of the infliction of serious bodily injury.

Two citizens of the Oakland community, who had recently opposed each other as candidates for justice of the peace, engaged in a fist fight, presumably over the location of certain gasoline pumps. The appellant, father of one of the participants,

by words and gestures, encouraged his son in the affray. The sole question is whether the wounds inflicted gave rise to apprehension of danger to life, health or limb.

The doctor, in describing the black eye received by the injured party, testified on direct examination:

"At that time he had a severe bruise of the left eye around the orbit of the eye and the soft tissue was black, the eyeball was bleeding and had what was called subconjunctive hemorrage, that is a hemorrage of the outer layer of the eyeball."

On cross-examination, we find the following:

"Q. Was this injury to Mr. Mayes of a permanent nature? A. No, not in my opinion.
"Q. Would it be such an injury that would endanger his life or his health? A. No."

Later, we find:

"Q. How long were you in bed? A. Oh, I layed around 2 or 3 days, I think."

Recently, in Gonzales v. State, 146 Tex. Cr. R. 108, 172 S. W. (2d) 97, we had occasion to review our decision on the question of what constitutes serious bodily injury.

From the record before us, it does not appear that the evidence is sufficient to support the conviction.

Judgment is reversed, and the cause remanded.