**Margarito SANCHEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Oscar TORRES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 53177–53178.**

Court of Criminal Appeals of Texas.

Nov. 10, 1976.

---

1. The State has filed no brief in this cause, so the State's position is not known.

Alberto M. Ramon, Eagle Pass, J. C. Tatum, III, Carrizo Springs, for appellant.

Tully Shahan, Dist. Atty., and W. T. Acklen, Asst. Dist. Atty., Del Rio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from convictions for the offense of aggravated assault. Following a trial before the court upon pleas of guilty, punishment was assessed in each case at two years.

Appellants, though represented by different counsel on appeal, were tried jointly and represented by the same court-appointed counsel. Sanchez and Torres both contend that the court should have withdrawn their pleas of guilty upon its own motion. They also challenge the sufficiency of the evidence to support a conviction for the offense of aggravated assault urging that the State has failed to show that the victim, Ernesto Flores, sustained "serious bodily injury" as required under the provisions of V.T.C.A., Penal Code, Section 22.02.

The State's evidence consisted of a written stipulation by each appellant, the Maverick County Hospital bill pertaining to Ernesto Flores, statements by each of Flores' companions on the evening in question as well as his own statement, and statements from three officers of the Eagle Pass Police Department who had investigated the incident. The State also attempted to have appellants stipulate that Dr. Arturo Batres, if he were in court, would testify that the injuries to Flores caused him protracted loss of a bodily function or organ. Unable to gain such a stipulation, the State rested subject to the doctor's testimony. The court also instructed the State to call Dr. Batres and have him available to testify.

The written stipulations by Sanchez and Torres, in pertinent part, stated:

"On the 18th day of January, 1975, in Maverick County, Texas, I did then and there unlawfully, knowingly, and intentionally cause serious bodily injury to another, namely: Ernesto Flores."

The hospital bill, admitted as State's Exhibit No. 2, shows that for the period of January 18, 1975, to January 24, 1975, Ernesto Flores incurred charges in the amount of $426.43. The statements of Flores' companions, Patty Freeman, Milanda McBeath and David Campbell, all basically state that on January 18, 1975, at approximately 10:00 p. m., as the four of them were walking home from the Fort Duncan Club just in front of Lee school, a car came toward them and pulled in the school parking lot. The occupants of the car yelled, "Hey, you bitches, come here," and other profane words, and as the four of them started to walk faster, the occupants got out of the car. The driver had a beer bottle in his hand and grabbed Flores and as he got Flores on the ground the other occupants of the car joined in the fight. Before the driver could hit Flores with the beer bottle, David Campbell joined in the fight to prevent Flores from being hit with the bottle. The driver instead threw the bottle at Campbell. Campbell then ran and got the police and an ambulance took Flores to the hospital. The statements by the three officers made no reference to the severity of Flores' injuries.

The defense then presented witnesses who testified to the non-violent nature and

good character of the appellants. Sanchez and Torres also took the stand in their own behalf. The evidence presented by the defense before it rested merely presented a fact issue for the trial court as to the question of self-defense; it in no way touched on the extent of Flores' injuries.

When the defense rested, the trial judge asked the prosecutor if he still wanted Dr. Batres. The prosecutor replied, "Your Honor, I think we need some evidence on our serious bodily injury."

On rebuttal, the State offered the emergency room record regarding Flores, his discharge summary for the time spent in Maverick County Hospital and his hospital history record. The State then called Ernesto Flores as a witness in an attempt to prove the seriousness of his injuries. Flores stated that as a result of the fight he lost consciousness and that he was suffering from amnesia because he could not remember what had happened between the time he was beat up and the time he woke up in the emergency room nor could he remember any parts of the play he had seen prior to the incident. On cross-examination, he testified that he could remember everything else including the details of the fight and that he had suffered no other loss of memory. The court on conclusion of the State's rebuttal evidence then found appellants guilty of the offense of aggravated assault. Dr. Batres was not called to testify.

"Serious bodily injury," as defined in V.T. C.A., Penal Code, Section 1.07(a)(34), "means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ."

Nowhere in the hospital records admitted or in Flores' own testimony is there any evidence that his injuries created a substantial risk of death nor is there any evidence of permanent disfigurement. The discharge summary states that Flores' condition on discharge was "satisfactory" and his prognosis was "good," no mention is made of any disfigurement, permanent or temporary. His stay in the hospital was further described as "uneventful." The physical examination admitted as State's Exhibit No. 12 states that "[t]here are multiple superficial abrasions and contusions of head and body," no other abnormalities or impairment of bodily member or organ is noted. Flores' own testimony as to his temporary amnesia is of itself insufficient to show any "protracted loss or impairment of any bodily member or organ."

We further note that Dr. Batres, Flores' physician, was not called by the State. The defense did call him as a witness at the hearing on their motions for new trial. Dr. Batres testified that he did not consider Flores' injuries as serious. He said that Flores' injuries did not create any substantial risk of death, he did not suffer from any serious permanent disfigurement, nor did he suffer from any protracted loss or impairment of the function of any bodily member or organ. The doctor further stated that Flores had a momentary loss of memory but did not suffer from real amnesia and that his six-day stay in the hospital was for observation and to insure that he did not have any other complications. Compare *Gonzalez v. State*, 146 Tex.Cr.R. 108, 172 S.W.2d 97 (1943), and *Garrett v. State*, 164 Tex.Cr.R. 275, 298 S.W.2d 945 (1957).

Even without considering the testimony on the motion for new trial, it is highly questionable that the evidence is sufficient to show serious bodily injury to constitute the felony offense charged. We hold that the trial court under the circumstances presented should have withdrawn the pleas of guilty on its own motion because the evidence reasonably and fairly raised an issue of fact as to the innocence of appellants. See the rule cited in *Hayes v. State*, 484 S.W.2d 922 (Tex.Cr.App.1972), and in *Gonzales v. State*, 480 S.W.2d 663 (Tex.Cr. App.1972).

For reasons stated, the judgments are reversed and the causes are remanded.