Jessie M. FIERRO, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–81–00026–CR.

Court of Appeals of Texas, El Paso.

Dec. 9, 1981.
Discretionary Review Refused Feb. 10, 1982.

---

Phil J. Pollan, Fort Stockton, for appellant.

Robert Huttash, State Pros. Atty., Austin, G. Dixon Mahon, Crim. Dist. Atty., Ozona, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

Jessie M. Fierro appeals from a conviction for the offense of aggravated robbery. The jury assessed his punishment at 25 years.

The second point of error asserts the trial Court erred in overruling Appellant's motion for new trial because the verdict of the jury was not supported by the evidence. A person commits the offense of aggravated robbery if he commits robbery and he (1) causes serious bodily injury to another, or (2) uses or exhibits a deadly weapon. Sec. 29.03 Tex.Penal Code. In this case, there is no contention that the Defendant used or exhibited a deadly weapon. Sec. 1.07(a)(34) of the Tex.Penal Code states:

"Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

In this case, Jessie Fierro and Alva McNeill were at the Chateau Bar in Fort Stockton drinking beer until it closed at 2:00 a. m. on February 21, 1979. At that time, they left together and Mr. McNeill was going to take Jessie Fierro home. They had driven north of town and were on a dirt road when suddenly Mr. McNeill was struck in the face and pounded on the head. He said he was knocked out and did not recall anything until the next morning when he walked about a half a mile to a near-by house and caught a ride into town with Billy Mills.

The evidence is undisputed that Mr. McNeill was badly bruised around the head and face and his face was swollen and bloody. Mr. Mills, who had previously been a neighbor of Mr. McNeill, did not immediately recognize who he was.

His wife testified that when he got home about 8:00 a. m., Mr. McNeill's face was all beat up and scratched and bloody. His wallet, diamond ring, and watch were missing. They were traced by other evidence to the Appellant. Prior to this episode, Mr. McNeill had had a larynx operation and was required to breathe through a small hole in his neck, which was always covered by a bib that he wore. His wife testified the bib was bloody when he got home, but he apparently suffered no injury to his throat or neck in the assault on him.

Except for going to the police station for about two hours on the day of the assault, Mr. McNeill remained home for a period of ten days, but never went to see a doctor as a result of the bruises and swelling which resulted from the assault on him.

No doctor testified to the nature of his injuries. Two color photographs taken after the attack were identified by Mr. Mills, but they were never offered in evidence.

Mr. Mills said the complainant sustained some swelling around his mouth and jaw, but that he did not observe any deep cuts. Mrs. McNeill said the swelling continued for a period of four to six weeks and that he got a little better each day.

There is no testimony that Mr. McNeill's injuries created a substantial risk of death or that the injuries have resulted in permanent disfigurement or a protracted loss or impairment of the function of any bodily member or organ.

In *Sanchez v. State*, 543 S.W.2d 132 (Tex. Cr.App.—1976), the complainant lost consciousness in a fight, and sustained "multiple superficial abrasions and contusions of head and body" for which he was hospitalized for six days. The Court held such evidence raised a fact issue as to the innocence of the Appellant, and the trial Court erred in not withdrawing their plea of guilty.

In *Pickering v. State*, 596 S.W.2d 124 (Tex.Cr.App.—1980), the Court held that bruises and burns sustained by a seven-year old child did not constitute a serious bodily injuries as defined in Sec. 1.07(a)(34) of the Tex.Penal Code. Also see: *Gonzalez v. State*, 146 Tex.Cr.R. 108, 172 S.W.2d 97 (1943). We sustain Point of Error No. Two.

The evidence being insufficient to sustain the conviction, the case must be reversed, and the double jeopardy clause precludes a second trial for the offense of aggravated robbery. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). We find the evidence is sufficient to support a conviction for robbery under Sec. 29.02 of the Tex.Penal Code, and we remand for a new trial on this lesser included offense. See: *Palafox v. State*, 608 S.W.2d 177 (Tex.Cr.App.1979).

The judgment of the trial Court is reversed and the cause remanded.