**Adolphus WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 58780.

Court of Criminal Appeals of Texas, En Banc.

July 17, 1985.

Rehearing Denied Oct. 16, 1985.

Donald W. Rogers, Jr., Truett H. Vestal, court appointed on appeal, Houston, for appellant.

Carol S. Vance, Former Dist. Atty. and Michael Kuhn and Keno M. Henderson, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Appellant was convicted, by a jury, of aggravated assault. The court assessed punishment at ten years' confinement.

Appellant was originally charged, in a two-count indictment, with attempted murder and with aggravated assault by causing bodily injury with a deadly weapon. (See V.T.C.A., Penal Code, Secs. 15.01, 19.-02, 22.02(a)(4) and 22.01).

The State elected to proceed only upon the attempted murder count, abandoning the aggravated assault count. The jury was instructed upon aggravated assault as a lesser included offense.

Appellant attacks the sufficiency of the evidence to prove serious bodily injury beyond a reasonable doubt.[1]

The court's charge pertaining to the lesser included offense instructed the jury that:

if you further find from the evidence beyond a reasonable doubt that the defendant did unlawfully and intentionally, knowingly, or recklessly cause bodily injury to Gene Jennings by shooting him with a gun, *and* that said defendant, in shooting the said Gene Jennings with said gun, *did in fact actually cause Gene Jennings serious bodily injury thereby*, though he may not have so intended, then you will find the defendant guilty of aggravated assault.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant. (emphasis added)

The court's charge to the jury authorized a conviction for aggravated assault if the jury found that appellant used a deadly weapon, namely a gun, *and* actually caused serious bodily injury. These two theories, set forth in the conjunctive, required proof independent of each other to support a verdict of guilty.

The complainant testified that he was shot in the buttocks, back, and thigh. The hospital report noted bullet wounds in buttocks and thigh and a hole in the lower back.

Complainant testified that he bled profusely, but according to testimony, the hospital report indicates no transfusion was required. The policeman approached by the complainant to investigate testified he knew the complainant had been shot only after the complainant said so, indicating no obvious and profuse bleeding.

The record indicates that, after being shot, the complainant fled on foot, then walked back to his car and drove to a nearby corner where he flagged down a police car. The complainant refused to go to the hospital immediately, but insisted that the police return with him to the scene of the shooting to find his wife, who had fled unharmed.

At the scene, the complainant pointed appellant's car out to the police, and observed appellant and two companions being removed from the nearby building where all the parties resided. After finding his wife, the complainant agreed to be transported to the hospital.

The complainant stayed in the hospital less than two days. Because the incident occurred on a weekend, he missed no work.

No testimony was offered as to the seriousness of appellant's injuries except for the introduction of hospital records by the custodian thereof. As discussed above, these records indicate that no transfusion was necessary, that two bullet wounds and one "hole" were found on the complainant, they indicate that no surgery was performed, and that two bullets were left lodged in the complainant.

No testimony, expert or non-expert, was offered suggesting that the complainant had suffered either a substantial risk of death or a serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ. V.T.C.A., Penal Code, Sec. 1.07(a)(34).

In *Gonzalez v. State,* 146 Tex.Cr.R. 108, 172 S.W.2d 97 (1943), the defendant stabbed the complaining witness three times. Two of the wounds were two inches deep and near the heart. The attending physician testified that such wounds were not such that would probably cause death or apprehension of loss of limb. Although working under a different standard,[2] the Court held such was not sufficient to prove serious bodily injury.

In *Sanchez v. State,* 543 S.W.2d 132 (Tex.Cr.App.1976), the defendant pleaded guilty to aggravated assault. At the time

---

1. Serious bodily injury is defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the functions of any bodily member or organ;" V.T.C.A., Penal Code, Sec. 1.07(a)(34).

2. Compare substantial risk of death to apprehension of danger to life, a somewhat lesser standard.

of punishment, the State introduced a written stipulation by appellant, in which he admitted that he had caused serious bodily injury to complainant, the hospital bill pertaining to the complainant, statements by witnesses to the event, and statements of police officers who investigated the incident. Appellant did not stipulate to what the attending physician would testify. On rebuttal, the State introduced the emergency room record regarding the complainant, along with his hospital history record. The State further called the complainant in an attempt to prove the seriousness of his injuries. This Court held that nowhere in the record was there evidence that the injuries complained of created a substantial risk of death. Neither the medical records, nor the complainant's testimony substantiated the claim of serious bodily injury.

■■■ Serious bodily injury has been defined by our present Penal Code; and, as set forth above, must be proven by evidence in order to substantiate and support the verdict. A knife wound, or a gunshot wound, although caused by a deadly weapon[3] such as a knife or a gun, is not, per se, serious bodily injury. The shooting of an individual is a serious and grave matter. Yet, it is the burden of the State to prove that such an act created a substantial risk of death, or caused death, a serious permanent disfigurement, or protracted loss or impairment of the functions of any bodily member or organ. See V.T.C.A. Penal Code, Sec. 1.07(a)(34).

■■■ The evidence presented by the State is not sufficient to prove serious bodily injury. The complaining witness never testified to the extent of his injuries, nor was any evidence shown in the medical records that those injuries created a substantial risk of death, or caused death, permanent disfigurement, or protracted loss or impairment of the functions of any bodily member or organ. No testimony, whatsoever, was offered to prove serious bodily injury.

Although ample evidence was presented to support a verdict of guilt of aggravated assault by use of a deadly weapon, the evidence was insufficient to support a verdict of guilt of aggravated assault by causing serious bodily injury. See *Ortega v. State*, 668 S.W.2d 701 (Tex.Cr.App.1983).

In accord with *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), we reverse and remand with instructions for acquittal.

CLINTON, J., not participating.

ONION, Presiding Judge, dissenting.

I adopt as my dissenting opinion the dissenting opinion originally prepared by Judge Carl Dally.

"The majority reverses appellant's conviction for the lesser included offense of aggravated assault and remands the case to the trial court with instructions to enter a judgment of acquittal, reasoning that because the evidence offered failed to prove serious bodily injury as required by the court's charge to the jury, there is insufficient evidence to support the jury's verdict. However, the error is not in the sufficiency of the evidence, but rather in the trial court's instruction to the jury. By incorrectly requiring the jury to find both that appellant caused bodily injury to the complainant by shooting him with a gun *and* that appellant did in fact cause serious bodily injury to the complainant, the trial court imposed a heavier burden on the state to prove aggravated assault than required under V.T.C.A. Penal Code, Section 22.02(a).

"The jurors should have been authorized to find appellant guilty of aggravated assault if they believed beyond a reasonable doubt that the assault was committed with

---

**3.** (11) "Deadly weapon" means:
(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.
V.T.C.A. Penal Code, Sec. 1.07(a)(11).

a deadly weapon. As the majority allows, there is no dispute that appellant assaulted the complainant by use of a deadly weapon. There is thus sufficient evidence to convict appellant of the offense of aggravated assault under V.T.C.A. Penal Code, Section 22.02(a)(4). That the trial court erroneously charged the jury to find both assault with a deadly weapon and serious bodily injury was trial error, not error in proof. Accordingly, the proper disposition of the case upon reversal should be a remand of the case to the trial court for a new trial. *United States v. Tateo,* 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964); *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

"I dissent to the order that a judgment of acquittal should be entered."

WHITE, J., joins this dissent.

McCORMICK, Judge, dissenting.

For the reasons espoused in my dissent in *Benson v. State,* 661 S.W.2d 708 (Tex.Cr. App.1983) (Opinion on State's Second Motion for Rehearing), I dissent to the result reached by the majority in this case.