**Steven FEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 107–87.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 14, 1992.

---

**1.** *Robinson*, 783 S.W.2d at 650, column 1, second full paragraph, to p. 653, column 2, end of   first full paragraph.

Richard E. Langlois, San Antonio, for appellant.

Fred G. Rodriguez, Former Dist. Atty. and Charles Strauss and Barbara Hervey, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of the offense of engaging in organized criminal activity. V.T.C.A. Penal Code, § 71.02. Punishment was assessed at fifty years confinement in the penitentiary. The Fourth Court of Appeals reformed the judgment to reflect that the sentence was enhanced, and affirmed the conviction. *Fee v. State*, 722 S.W.2d 234 (Tex.App.—San Antonio, 1986).

### I.

The indictment in this cause alleged that appellant and six others "did ... conspire to commit and agree to commit and did commit Theft over $20,000.00," and that all seven did so with the specific intent "to establish, maintain and participate in a combination and in the profits of a combination[.]"[1] The jury charge tracked the

---

1. The indictment, in relevant part, alleges that: "... on or about the 11TH day of AUGUST, A.D., 1983, JOSE L. ARAUJO, THOMAS SCOTT BATES, STEVEN FEE, BENJAMIN A. MORGAN, JERRY LEE PIERCE, JOSE JORGE TREVINO, JR., and JAMES HENRY WOERNER, JR., hereinafter called defendants, together with others unknown to this Grand Jury, with intent to establish, maintain and participate in a combination and in the profits of a combination, did then and there conspire and agree to commit and did commit the criminal offense of Theft over $20,000.00, and in pursuance of such agreement the said defendants performed overt acts as follows, to wit:

   On or about the 11TH day of AUGUST, A.D., 1983, in Bexar County, Texas, STEVEN FEE,

indictment, thus requiring for conviction evidence that all seven men conspired to commit *and* did commit theft with the requisite intent to facilitate the aims of a combination. The indictment did not explicitly identify the members of the combination. On appeal appellant contended that the evidence was insufficient to show that three of the six others that the charge required the jury to find conspired to commit and did commit theft did in fact do so. The court of appeals correctly identified this contention, but then proceeded to answer an altogether different question, *viz:* whether the evidence was sufficient to establish the three were members of the combination. The court of appeals concluded that two of the three were not in fact shown to be members of the combination, but held that this evidentiary deficiency was of no consequence. Because Chapter 71 of the Penal Code does not require conviction of every member of a combination as a prerequisite to conviction of any one

JERRY LEE PIERCE, BENJAMIN A. MORGAN, JOSE L. ARAUJO, THOMAS SCOTT BATES, and JAMES HENRY WOERNER, JR., with the intent to deprive the owner, MICHAEL POLANSKY, of property, namely: A 1979 International truck tractor and a 1981 Budd flatbed trailer, did unlawfully appropriate said property by acquiring and otherwise exercising control over said property, said property being other than real property which had an aggregate value of $10,000.00 or more, without the effective consent of the owner; and

On or about the 7TH day of SEPTEMBER, A.D., 1983, in Bexar County, Texas, STEVEN FEE, JERRY LEE PIERCE, BENJAMIN A. MORGAN, JOE [sic] JORGE TREVINO, JR., and THOMAS SCOTT BATES, with the intent to deprive the owner, MICHAEL BRASHEAR, of property, namely: A 1983 White truck tractor and a 1983 Aztec platform trailer, did unlawfully appropriate said property by acquiring and otherwise exercising control over said property, said property being other than real property which had an aggregate value of $20,000.00 or more, without the effective consent of the owner[.]"

**2.** At the time of prosecution in this cause § 71.-01(a)(2), supra, read:

"In this chapter,
(a) 'combination' means five or more persons who collaborate in carrying on criminal activities, although:

\* \* \* \* \* \*

(2) membership in the combination may change from time to time[.]"

member, the court of appeals held the evidence was not insufficient. The court of appeals opined:

"Fee was alleged in the indictment to have conspired to commit and to have committed theft in combination with six other persons. The State has satisfied the requirements of the organized crime statute by proving that Fee and at least four other persons collaborated in carrying on the criminal activity. TEX. PENAL CODE ANN. § 71.01(A)(2)." [2]

*Fee v. State,* supra, at 239.

In his petition for discretionary review appellant now contends that the court of appeals erred to measure sufficiency of the evidence against requirements of the statute. Instead, he urges, the court of appeals should have measured evidentiary sufficiency against the offense as it was alleged in the indictment and submitted to the factfinder in the jury charge.[3] He re-

Since this cause was tried the statute has been amended to, *inter alia,* redefine "combination" to consist of three or more persons, rather than five. See Acts 1989, 71st Leg., ch. 782, p. 3468, § 1, eff. Sept. 1, 1989.

**3.** The authorization paragraph of the jury charge reads:

"Now bearing in mind the foregoing instructions, *if you believe from the evidence beyond a reasonable doubt, that* on or about the 11th day of August A.D., 1983, *Jose L. Araujo, Thomas Scott Bates,* Steven Fee, Benjamin A. Morgan, Jerry Lee Pierce, Jose Jorge Trevino, Jr., and *James Henry Woerner, Jr.,* hereinafter called defendants, together with others unknown to this Grand Jury, with intent to establish, maintain and participate in a combination and in the profits of a combination, *did conspire and agree to commit and did commit the criminal offense of Theft over $20,000.00, and* in pursuance of such agreement the *said defendants performed overt acts as follows,* to-wit:

"on or about the 11th day of August, A.D., 1983, in Bexar County, Texas, Steven Fee, Jerry Lee Pierce, Benjamin A. Morgan, *Jose L. Araujo, Thomas Scott Bates,* and *James Henry Woerner, Jr.,* with the intent to deprive the owner, Michael Polansky, of property, namely: a 1979 Internatianal [sic] truck tractor and a 1081 Budd flatbed trailer, did unlawfully appropriate said property by acquiring and otherwise exercising control over said property, said property being other than real property which had an aggregate value of $10,000 or

lies upon our opinion in *Benson v. State,* 661 S.W.2d 708 (Tex.Cr.App.1982). We granted the petition to address this unremarkable, if often controversial contention. Tex.R.App.Pro., Rule 200(c)(3).

## II.

### A.

■ By all appearances the court of appeals simply held that because the organized criminal activity *statute* does not require conviction of all members of the combination to convict any one of them—a proposition well established in this Court's only opinion to date construing § 71.02, supra, *viz: Barber v. State,* 764 S.W.2d 232 (Tex.Cr.App.1988)—the evidence here is sufficient to convict. The statute requires no more than proof of the existence of a combination, and that appellant either committed one of the enumerated offenses in order to facilitate the combination, or that he conspired with at least one other to commit such an offense and he *and* at least one other performed an overt act pursuant to the conspiracy, with intent to facilitate the combination. *Barber v. State,* supra, at 238 (Clinton, J., dissenting). Thus, that appellant committed theft himself is all the *actus rea* required on the facts of this case. If he did so with the specific intent to facilitate an existing combination, he has violated the statute. *Id.* The evidence here does indeed seem to establish a violation of the *statute,* and appellant does not contend otherwise.

But that is not the end of the matter, as the court of appeals seems to have believed. A jury following the trial court's instructions in this cause would have been required as a prerequisite to conviction to find that appellant *and all six others alleged in the indictment* both conspired to commit and did commit theft. Consistent with established caselaw, it must be inquired further whether the evidence proves what was alleged and what the jury was instructed it must find to convict, *viz:* that all six individuals named in the indictment conspired to commit and did commit theft. The court of appeals never addressed this question.

### B.

■ This cause is analytically indistinguishable from *Ortega v. State,* 668 S.W.2d 701 (Tex.Cr.App.1983). Ortega was prosecuted for credit card abuse. The indictment alleged he knowingly used the credit card of another with the specific intent "to fraudulently obtain property and services[.]" On original submission in *Ortega* we held that, although it was not necessary to state a violation of the statute to allege an intent to obtain both property *and* services, the conjunctive allegation was descriptive of an essential element of the offense, and could not be disregarded as surplusage. Thus, we held, the State was bound to prove an intent to obtain both. In a footnote we also observed that the jury charge had authorized conviction only on proof of an intent to obtain property *and* services, and remarked that "there is no such thing as 'surplusage' in the part of the court's instructions to the jury which authorizes a conviction[.]" *Id.,* at 705, n. 10. We found sufficient evidence on original submission to support a conviction on the basis of an intent to obtain both property *and* services.

On appellant's motion for rehearing, however, the Court reversed itself, holding

more, without the effective consent of the owner; *or*

"on or about the 7th day of September, A.D., 1983, in Bexar County, Texas, Steven Fee, Jerry Lee Pierce, Benjamin A. Morgan, Joe Jorge Trevino, Jr., and *Thomas Scott Bates,* with intent to deprive the owner, Michael Brashear, of property, namely: a 1983 White truck tractor and a 1983 Aztec platform trailer, did unlawfully appropriate said property by acquiring and otherwise exercising control over said property, said property being other than real property which had an aggregate value of $20,000.00 or more without the effective consent of the owner, *you will find the defendant guilty of Engaging In Organized Criminal Activity as charged in the indictment."* (Emphasis added.)

Appellant claimed in the court of appeals that the evidence failed to establish that Araujo, Bates and Woerner conspired to commit and did commit theft. The court of appeals did not address this specific question, but did hold the evidence was insufficient to establish that Araujo and Bates were members of the combination.

the evidence was insufficient to show an intent to obtain services. The Court observed:

"It was proper for the State to charge appellant by alleging conjunctively that he intended to fraudulently obtain property and services, and proof of *either* would have been sufficient to convict, *Sidney v. State*, 560 S.W.2d 679 (Tex.Cr. App.1978); *Garcia v. State*, 537 S.W.2d 930 (Tex.Cr.App.1976); *Boyd v. State*, 419 S.W.2d 843 (Tex.Cr.App.1967), and it was proper for the trial court to charge the jury that a finding of either would be sufficient to convict.

However, because the charge instructed the jury that it *must* find both property *and services* before returning a guilty verdict, then it was necessary that there be sufficient proof of *both* means alleged. Otherwise, a guilty verdict would be deemed contrary to the law and the evidence."

*Ortega v. State*, supra, at 707. At this juncture the opinion on rehearing added a footnote fully endorsing the observation on original submission that "there is no such thing" as surplusage in the authorization paragraph of a jury charge. *Ortega's* conviction was reversed, and a judgment of acquittal ordered.

■ The jury charge in the instant cause tracked the indictment, and expressly authorized conviction *only* in the event the jury should find that all seven individuals conspired and agreed to commit, and did in fact commit theft. Clearly this elevated the State's burden of proof beyond the minimum necessary to establish a violation of the *statute*. But "there is no such thing as 'surplusage' " in the authorization paragraph of the jury charge, and since *Benson* and *Ortega* we have steadfastly held that so long as the State does not object to a jury charge that thus enhances its burden, sufficiency of the evidence will be measured against that charge. E.g., *Boozer v. State*, 717 S.W.2d 608 (Tex.Cr.App.1984); *Williams v. State*, 696 S.W.2d 896 (Tex.Cr. App.1985); *Stephens v. State*, 717 S.W.2d 338 (Tex.Cr.App.1986); *Marras v. State*, 741 S.W.2d 395 (Tex.Cr.App.1987); *Garrett v. State*, 749 S.W.2d 784 (Tex.Cr.App.1988);

*Nickerson v. State*, 782 S.W.2d 887 (Tex. Cr.App.1990); *Arceneaux v. State*, 803 S.W.2d 267 (Tex.Cr.App.1990); *Jones v. State*, 815 S.W.2d 667 (Tex.Cr.App.1991); *Walker v. State*, 823 S.W.2d 247 (Tex.Cr. App.1991). There is no rational basis to deviate from that rule in this cause.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to that court to determine whether the evidence shows all seven individuals alleged to have conspired to commit, and to have committed theft, did in fact do so.

OVERSTREET, Judge, concurring in part and dissenting in part.

I agree with the majority's conclusion that the court of appeals erred in its treatment and analysis of appellant's evidence sufficiency claim. However, I strongly disagree with remanding the cause back to the court of appeals for reanalysis.

The court of appeals has already explicitly stated that the evidence was insufficient to prove beyond a reasonable doubt that two of the named conspirators, specifically Araujo and Bates, were a part of the combination. *Fee v. State*, 722 S.W.2d 234, 239 (Tex.App.—San Antonio 1986). Thus it seems to me to be incredibly fruitless to remand to the court of appeals for it "to determine whether the evidence shows all seven individuals alleged to have conspired ... did in fact do so" when the court of appeals has already quite explicitly said that the evidence was insufficient with respect to two of them.

I note that the indictment alleges that the offense occurred on or about August 11, 1983, and that appellant was convicted and sentenced in April of 1984. The court of appeals published its opinion on December 31, 1986. Appellant's petition for discretionary review was filed in this Court on February 2, 1987 and granted on March 9, 1988. The cause has remained here in the upper reaches of "appellate orbit" ever since. I see no value whatsoever in remanding this cause, particularly when the court of appeals has quite clearly already decided the very issue upon which we re-

mand. *See Fee v. State,* 722 S.W.2d at 239. Surely justice, for both the State and appellant, would be better served by disposition now rather than in the distant future when this cause continues on its journey into the outer limits of appellate space and returns to this Court via another petition for discretionary review, which will no doubt be filed by whichever party is dissatisfied with the court of appeals' decision on remand. Years of orbiting around lost in the depths of appellate space is more than long enough.

I vociferously dissent to unnecessarily bouncing the instant cause around like an over-sized ping-pong ball rather than deciding the issue now when it is properly before this Court.

McCORMICK, Presiding Judge, dissenting.

Because the majority misconstrues what has happened in this case, I must dissent.

Appellant was convicted of engaging in organized criminal activity and sentenced to fifty years' incarceration. On appeal, the San Antonio Court of Appeals reformed the judgment to correctly reflect that the sentence was enhanced, and affirmed. *Fee v. State,* 722 S.W.2d 234 (Tex.App.—San Antonio 1986). We granted appellant's petition for discretionary review in order to examine the Court of Appeals' holding that the evidence was sufficient to support appellant's conviction.

The indictment alleged that

"... on or about the 11TH day of AUGUST, A.D., 1983, JOSE L. ARAUJO, THOMAS SCOTT BATES, STEVEN FEE, BENJAMIN A. MORGAN, JERRY LEE PIERCE, JOSE JORGE TREVINO, JR., and JAMES HENRY WOERNER, JR., hereinafter called defendants, together with others unknown to this Grand Jury, with intent to establish, maintain and participate in a combination and in the profits of a combination, did then and there conspire and agree to commit and did commit the criminal offense of Theft over $20,000.00, and in pursuance of such agreement the said defendants performed overt acts as follows, to-wit:

"On or about the 11TH day of AUGUST, A.D., 1983, in Bexar County, Texas, STEVEN FEE, JERRY LEE PIERCE, BENJAMIN A. MORGAN, JOSE L. ARAUJO, THOMAS SCOTT BATES, and JAMES HENRY WOERNER, JR., with the intent to deprive the owner, MICHAEL POLANSKY, of property, namely: A 1979 International truck tractor and a 1981 Budd flatbed trailer, did unlawfully appropriate said property by acquiring and otherwise exercising control over said property, said property being other than real property which had an aggregate value of $10,000.00 or more, without the effective consent of the owner; and

"On or about the 7TH day of SEPTEMBER, A.D., 1983, in Bexar County, Texas, STEVEN FEE, JERRY LEE PIERCE, BENJAMIN A. MORGAN, JOE JORGE TREVINO, JR., and THOMAS SCOTT BATES, with the intent to deprive the owner, MICHAEL BRASHEAR, of property, namely: A 1983 White truck tractor and a 1983 Aztec platform trailer, did unlawfully appropriate said property by acquiring and otherwise exercising control over said property, said property being other than real property which had an aggregate value of $20,000.00 or more, without the effective consent of the owner; ..."

The charge to the jury tracked the wording of the indictment and was submitted in the conjunctive. Appellant argued that the evidence was insufficient to show the participation of Woerner, Araujo and Bates in the combination and that therefore the State had failed in its burden. More specifically, appellant argued that since the charge was submitted in the conjunctive as to all seven co-defendants the State was required to prove the participation of all seven, citing *Benson v. State,* 661 S.W.2d 708 (Tex.Cr.App.1982). The Court of Appeals found the evidence to be insufficient as to co-defendants Araujo and Bates but concluded that "[t]he State has satisfied the requirements of the organized crime statute by proving Fee and at least four

other persons collaborated in carrying on the criminal activity." *Fee v. State*, supra.

In his petition for discretionary review, appellant acknowledges the Court of Appeals considered the evidence in light of statutory sufficiency, but argues the court failed appropriately to apply the standard of review required by *Benson.*

After granting appellant's petition, this Court decided *Barber v. State*, 764 S.W.2d 232 (Tex.Cr.App.1989). In *Barber,* the Court of Appeals found the evidence sufficient to connect three defendants to the theft, but there was insufficient evidence to establish that the three participated in a combination with two other named defendants. *Barber v. State*, 668 S.W.2d 424 (Tex.App.—Texarkana 1984). On review, this Court noted:

> "In other words, the Court of Appeals found the evidence insufficient to establish the existence of the underlying combination due to the acquittal of Cunningham and Navarre [the two other named defendants]. Therefore, the question that must be answered is: When a jury is charged that only five actors formed a criminal combination, and those five are tried jointly, can the convictions of any of the defendants stand if one or more is acquitted? We answer the question in the affirmative." *Barber v. State*, 764 S.W.2d at 234.

The contention which appellant here presents is that, since the jury was charged in the conjunctive, and since the evidence was insufficient as to two of the defendants, the State failed in its burden as placed upon it by the Court's instruction. In *Barber,* the charge required the jury to find that all five named defendants were members of the combination. Here, the charge required the jury to find that the appellant and six other named defendants "conspired and agreed to commit" the offense of theft. In *Barber,* we determined that the evidence was sufficient where the charge was in the conjunctive and even though two of the defendants were acquitted. The insufficiency in *Barber* was in the proof of the membership of the combination. The insufficiency here is in the

proof of those who "conspired to commit" theft. Appellant does not challenge the sufficiency of the evidence to support a finding that appellant violated the statute—only that the evidence is insufficient when measured against the jury charge.

In *Benson,* supra, we held the evidence insufficient to support the defendant's conviction for retaliation where the State's theory of the case was that the victim was a "prospective witness" and the jury charge authorized a verdict of guilty based solely on a finding that the victim was a "witness"—a theory of *retaliation* never advanced nor argued by the State. As has often been stated since:

> "We hold that when a charge is correct for the theory of the case presented we review the sufficiency of the evidence in a light most favorable to the verdict by comparing the evidence to the indictment as incorporated into the charge." *Benson,* supra, at 715.

Later, in *Boozer v. State*, 717 S.W.2d 608 (Tex.Cr.App.1984), the Court elaborated:

> "Because a verdict of 'guilty' necessarily means the jury found evidence of that on which it was authorized to convict, the sufficiency of the evidence is measured by the charge *that was given.* It follows that if evidence does not conform to the instruction given, it is insufficient as a matter of law to support the only verdict of 'guilty' which was authorized. (emphasis in original; footnotes and citations omitted.)

> "Under the trial court's charge in the instant case, the only verdict authorized in view of the evidence was 'not guilty;' restated, had the jury followed the trial court's instructions, appellant would have been acquitted." *Boozer,* supra, at 610–611.

In the instant case, and as noted previously, the court's charge in applying the law to the facts tracked exactly the wording of the indictment. The charge correctly presented to the jury the State's theory of the case as demonstrated by the indictment, the evidence, and the argument. Furthermore, the court correctly instructed the jury on the definition of the offense, on

the terms "combination" and "conspire to commit" and on the provisions of V.T.C.A., Penal Code, Section 71.03 (Defenses Excluded).

Under the evidence and the charge, I cannot say that had the jury followed the trial court's instructions this appellant would have been acquitted. Appellant was on trial alone, and it was only his conduct which the jury was to scrutinize. Even though the Court of Appeals found the evidence insufficient to show the participation of Araujo and Bates, the evidence was still sufficient as to appellant Fee for the jury to find both the combination and appellant's conduct in committing the overt theft.

For these reasons, I dissent.

CAMPBELL and WHITE, JJ., join this dissent.